**PERKINS COIE LLP**
Nicola C. Menaldo
*pro hac vice*
Washington Bar No. 44459
NMenaldo@perkinscoie.com
1301 Second Avenue, Suite 4200
Seattle, WA 98101
Telephone: 206.359.8000
Facsimile: 206.359.9000

Elliott J. Joh, Bar No. 264927
EJoh@perkinscoie.com
505 Howard Street, Ste 1000
San Francisco, CA  94105-3204
Telephone: 415.344.7000
Facsimile: 415.344.7050

Mikella M. Hurley
*pro hac vice*
New York Bar No. 5468145
MHurley@perkinscoie.com
700 13th Street, NW
Washington, DC 20005-3960
Telephone: 202.654.6200
Facsimile: 202.654.6211

Doris Alvarez-Reyes, Bar No. 340925
DAlvarezReyes@perkinscoie.com
1888 Century Park East, Suite 1700
Los Angeles, CA 90067-1721
Telephone: 310.788.9900
Facsimile: 310.788.3399

*Attorneys for Defendant Reddit, Inc.*

## UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DOMINIQUE NELSON, individually and on behalf of similarly situated individuals,<br><br>               Plaintiff,<br><br>    v.<br><br>REDDIT, INC., a Delaware corporation,<br><br>               Defendant. | Case No.  3:25-cv-01470-JLS-AHG<br><br>[Removed from the Superior Court of the State of California for the County of San Diego, Case No. 25CU022609C]<br><br>**DEFENDANT REDDIT, INC.'S MOTION TO DISMISS CLASS ACTION COMPLAINT; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT**<br><br>DATE: October 30, 2025<br>TIME: 1:30 p.m.<br>CTRM: 4D<br>JUDGE: Hon. Janis L. Sammartino<br><br> Complaint Filed:  April 30, 2025<br>Action Removed: June 6, 2025<br><br>**JURY TRIAL DEMANDED** |

## NOTICE OF MOTION AND MOTION

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE** that on October 30, 2025, at 1:30 p.m., in Courtroom 4D of the United States District Court for the Southern District of California, located at 221 West Broadway, San Diego, CA 92101, defendant Reddit, Inc. ("Reddit") will, and hereby does, move the Court to dismiss the Complaint of plaintiff Dominique Nelson against Reddit, for failure to state a claim under Fed. R. Civ. P. 12(b)(6).

Reddit moves for dismissal of the sole claim asserted against it under the California Pen Register Trap and Trace Act, Cal. Penal Code § 638.51 *et seq.* (the "Pen Register Act" or the "Act") on the grounds that Plaintiff has not alleged facts that give rise to a claim under the Act. Specifically, (1) the technology alleged does not qualify as a pen register as a matter of law because it does not capture outgoing dialing or addressing information, (2) Plaintiff has not alleged transmission of a communication with content, which is necessary to state a claim under the Act, (3) Reddit is exempt from statutory liability because it is a party to any purported communication, (4) the Act's plain language, purpose, legislative history, and recent legislative developments all confirm it applies exclusively to person-to-person communications that are not alleged here, and (5) to the extent that there is any ambiguity regarding the Act's application, the rule of lenity requires dismissal.

This Motion is based upon this Notice of Motion, the supporting Memorandum of Points and Authorities, the Request for Judicial Notice and attached exhibits, the pleadings and other papers on file herein, and upon such oral argument as the Court may entertain at the hearing on this Motion.

1

2

DATED: July 14, 2025

**PERKINS COIE LLP**

3

By: */s/ Nicola C. Menaldo*

4

Nicola C. Menaldo
Mikella M. Hurley
Elliott J. Joh
Doris Alvarez-Reyes

5

6

Attorneys for Defendant
REDDIT, INC.

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

-iii-

# <u>TABLE OF CONTENTS</u>

**Page**

I.    INTRODUCTION ...................................................................................... 1

II.   BACKGROUND ...................................................................................... 3

      A.    The Pen Register Act ................................................................... 3

      B.    Mr. Nelson Merely Alleges that He Visited the Reddit Website .......... 5

III.  LEGAL STANDARD ............................................................................... 5

IV.   ARGUMENT ........................................................................................... 6

      A.    The Complaint Fails to State a Claim for an Unlawful Pen Register .... 6

            1.    The Complaint Does Not Allege the Use of a Pen Register ....... 6

            2.    The Complaint Does Not Allege A Communication With "Content" ...................................................................... 7

            3.    Reddit, as a Party to any Supposed "Communication," is Exempt from Liability ....................................................... 9

      B.    The Complaint's Deficiencies Cannot be Cured Because the Pen Register Act Does Not Apply Here ...................................... 10

            1.    The Act's Plain Language Confirms That It Does Not Apply .. 11

            2.    The Act's Legislative History Confirms Its Inapplicability to Mr. Nelson's Allegations ............................................... 15

            3.    More Recent Legislative Activity Confirms the Act Does Not Apply Here ..................................................................... 17

            4.    Mr. Nelson's Proposed Interpretation of the Pen Register Act Would Lead to Absurd Results ....................................... 19

      C.    The Rule of Lenity Requires Dismissal ............................................. 20

V.    CONCLUSION ..................................................................................... 22

<u>**TABLE OF AUTHORITIES**</u>

**Page(s)**

<span style="font-variant: small-caps;">CASES</span>

*Ariz. State Bd. For Charter Sch. v. U.S. Dep't of Educ.*,
    464 F.3d 1003 (9th Cir. 2006) ............................................................................ 19

*Ashcroft v. Iqbal*,
    556 U.S. 662 (2009) ......................................................................................... 5

*Augustine v. Great Wolf Resorts, Inc.*,
    No. 3:23-cv-00281, 2024 WL 3450967 (S.D. Cal. July 18, 2024) ...................... 8

*Bell Atl. Corp. v. Twombly*,
    550 U.S. 544 (2007) ......................................................................................... 5

*Cal. Teachers Ass'n v. Governing Bd. of Rialto Unified Sch. Dist.*,
    14 Cal.4th 627 (1997) ..................................................................................... 11

*Capitol Recs. Inc. v. Thomas-Rasset*,
    No. 06-1497, 2009 WL 1664468 (D. Minn. June 11, 2009) ................................ 9

*Casillas v. Cypress Ins. Co.*,
    770 F. App'x 329 (9th Cir. 2019) ................................................................... 14

*Casillas v. Transitions Optical, Inc.*,
    No. 23STCV30742, 2024 WL 4873370 (Cal. Super. Ct. Sep. 9,
    2024) .............................................................................................................. 20

*Columbia Pictures Indus. v. Bunnell*
    (C.D. Cal. May 29, 2007) No. CV 06- 1093, 2007 WL 2080419 ...................... 14

*Crowley v. Cybersource Corp.*,
    166 F. Supp. 2d 1263 (N.D. Cal. 2001) ........................................................... 14

*Duncan v. Walker*,
    533 U.S. 167 (2001) ....................................................................................... 11

*Gonzales v. Uber Techs., Inc.*,
    305 F. Supp. 3d 1078 (N.D. Cal. 2018) ....................................................... 8, 12

*Heiting v. Taro Pharms. USA, Inc.*,
    709 F. Supp. 3d 1007 (C.D. Cal. 2023) ........................................................... 12

*In re Application of U.S. for an Ord. Authorizing use of A Pen Reg. &*
    *Trap On (XXX) Internet Serv. Acct./User Name,*
    *(xxxxxxx@xxx.com)*, 396 F. Supp. 2d 45, 47 (D. Mass. 2005) .......................... 14

*In re Google Location History Litig.*,
    428 F. Supp. 3d 185 (N.D. Cal. 2019) ..................................................... 10

*In re U.S. for an Ord. Authorizing Roving Interception of Oral*
    *Commc'ns,*
    349 F.3d 1132 (9th Cir. 2003) .................................................. 3, 6, 14

*In re U.S. for an Ord. Pursuant*,
    289 F. Supp. 3d 201, 210 (D.D.C. 2018) ......................................... 14

*In re Zynga Privacy Litig.*,
    750 F.3d 1098 (9th Cir. 2014) ................................................. 8, 12

*IO Group, Inc. v. Veoh Networks, Inc.*,
    586 F. Supp. 2d 1132 (N.D. Cal. 2008) ................................................ 5

*Lares v. West Bank One (In re Lares)*,
    188 F.3d 1166 (9th Cir. 1999) ............................................... 10, 11

*Leocal v. Ashcroft*,
    543 U.S. 1 (2004) ....................................................................... 21

*Licea v. Caraway Home Inc.*,
    655 F. Supp. 3d 954 (C.D. Cal. 2023) .................................................. 4

*Licea v. Hickory Farms LLC*,
    No. 23STCV26148, 2024 WL 1698147 (Cal. Super. Ct. Mar. 13,
    2024) ............................................................................................. 20

*Lopez v. Apple, Inc.*,
    519 F. Supp. 3d 672 (N.D. Cal. 2021) ............................................. 14

*Mollett v. Netflix, Inc.*,
    795 F.3d 1062 (9th Cir. 2015) .......................................................... 5

*People v. Blair*,
    25 Cal.3d 640 (Cal. 1979) ................................................................ 7

*People v. Sephora, USA, Inc.*,
    No. CGC-22-601380 (Cal. Super. Ct. S.F. Cty. filed Aug. 23, 2022) ............... 18

-vi-

*Rodriguez v. Plivo Inc.*,
   No. 24STCV08972, 2024 WL 5184413 (Cal. Super. Ct. Oct. 2, 2024) ............................................................................................. 7

*Sanchez v. Cars.com Inc.*,
   No. 24STCV13201, 2025 WL 487194 (Cal. Super. Ct. Jan. 27, 2025) ............................................................................................ 17

*S. Bell Tel. & Tel. Co. v. Hamm*,
   409 S.E.2d 775, 777–78 (S.C. 1991), ..................................................... 9

*Thai v. Richmond City Ctr., L.P.*,
   86 Cal. App. 5th 282 (2022) ................................................................. 18

*Twitter, Inc. v. Garland*,
   61 F.4th 686 (9th Cir. 2023) ................................................................... 8

*United States v. Barnes*,
   No. CR18-5141, 2019 WL 2515317 (W.D. Wash. June 18, 2019) ........ 5

*United Sav. Ass'n of Texas v. Timbers of Inwood Forest Assocs., Ltd.*,
   484 U.S. 365 (1988) ............................................................................. 11

*United States v. Lanier*,
   520 U.S. 259 (1997) ............................................................................. 21

*United States v. N.Y. Tel. Co.*,
   434 U.S. 159 (1977) ...................................................................... 3, 6, 15

*United States v. Nosal*,
   676 F.3d 854 (9th Cir. 2012) ...................................................... 2, 21, 22

*United States v. Taketa*,
   923 F.2d 665 (9th Cir. 1991) ................................................................. 6

*United States v. Williams*,
   659 F.3d 1223 (9th Cir. 2011) ............................................................. 12

*Vita v. New Eng. Baptist Hosp.*,
   494 Mass. 824 (Mass. 2024) .......................................................... 12, 21

*Whitman v. Am. Trucking Ass'n, Inc.*,
   531 U.S. 457 (2001) ...................................................................... 21, 22

Case No.  3:25-cv-01470-JLS-AHG
MOTION TO DISMISS CLASS ACTION COMPLAINT; MEMO. OF P&A

*Wis. Pro. Police Ass'n v. Pub. Serv. Comm'n of Wis.*,
　　555 N.W.2d 179 (Wis. Ct. App. 1996)...................................................9

*Yoon v. Lululemon USA, Inc.*,
　　549 F. Supp. 3d 1073 (C.D. Cal. 2021)............................................12

**STATUTES**

18 U.S.C. § 2705(b) ...............................................................................14

18 U.S.C. § 3121-3127 .....................................................................14, 15

18 U.S.C. § 3123(a)(1) ...........................................................................16

18 U.S.C. § 3127(3) ..................................................................................3

Cal. Civ. Code § 1798.120 ......................................................................18

Cal. Civ. Code § 1798.135 ......................................................................18

Cal. Civ. Code § 1798.140 .................................................................17, 18

Cal. Code Regs. tit. 11 § 7000 ................................................................18

Cal. Pen. Code § 638.51 .........................................................................14

Cal. Penal Code § 631 ............................................................................10

Cal. Penal Code § 637.2 ...........................................................................4

Cal. Penal Code § 638.50 ..........................................................3, 4, 7, 11

Cal. Penal Code § 638.51 ........................................1, 4, 10, 13, 17

Cal. Penal Code § 638.52 ...................................................................13, 16

Cal. Penal Code § 1546(e) ......................................................................14

Wiretap Act.............................................................................................14

**RULES**

Rule 12(b)(6)..................................................................................1, 5, 6

**OTHER AUTHORITIES**

147 CONG. REC. S10990-02 (daily ed. Oct. 25, 2001) (statement of
    Sen. Leahy), 2001 WL 1297566 ........................................................... 16

A.B. 929, 2015-2016 Reg. Sess. (Cal. 2015) ........................................... 16

Assemb. Comm. on Pub. Safety, Hearing on AB 929 (2015-2016 Reg.
    Sess.) at 10-11.................................................................................... 17

Op. of B. Lockyer, Att'y Gen., 86 Ops. Cal. Atty Gen. 198 at 1 (Dec.
    18, 2003)...................................................................................... 15, 17

S. REP. NO. 99-541 (1986), as reprinted in 1986 U.S.C.C.A.N. 3555,
    3564 ....................................................................................................... 15

Sen. Comm. on Pub. Safety, Analysis of Sen. Bill No. 690 (CA 2025-
    26 Reg. Sess.............................................................................. 4, 18, 19

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.    INTRODUCTION

Criminal law is a poor tool for policing the ordinary business of the internet. Yet Plaintiff Dominique Nelson, on behalf of a putative class of all persons who visited Reddit while in California, asks this Court to treat the routine collection of IP addresses—a basic function of every website—as a criminal act under laws designed for wiretaps and phone surveillance. Mr. Nelson claims that Reddit's use of the commonplace "LiveRamp Tracker" for digital advertising somehow violates the California Pen Register Trap and Trace Act, Cal. Penal Code § 638.51 (2024) *et seq.* (the "Pen Register Act" or the "Act"). But this is a classic attempt to force a square peg into a round hole.

The Act allows California law enforcement to trace whom suspected criminals talk to, while protecting private, person-to-person conversations from third-party surveillance. The Legislature never intended the Act to regulate standard digital-advertising tools on public websites. When lawmakers passed the Pen Register Act just ten years ago, tools like the LiveRamp Tracker were already in use. If they wanted to make every website's collection of IP addresses for routine commercial purposes a crime, they could have said so. They did not. Instead, five years later, the Legislature enacted the California Consumer Privacy Act ("CCPA"), which expressly governs and permits websites' collection of visitor IP addresses, as long as consumers can opt out. Mr. Nelson's theory, based on a narrow reading of a single definition, would stretch the Act far beyond its text, purpose, and logic—criminalizing the ordinary work of the internet and ignoring the law the Legislature actually wrote to govern digital advertising.

The Court should dismiss Mr. Nelson's Class Action Complaint ("Complaint") with prejudice under Rule 12(b)(6) because it fails—and cannot succeed—as a matter of law.

*First*, Mr. Nelson has not alleged conduct analogous to that of a "pen register." By definition, a "pen register" captures the *outgoing* dialing, routing, addressing, and signaling information ("DRAS") that routes a communication to its intended recipient. In telephonic terms, a pen register captures the *numbers a person dials*— not that person's own phone number. Here, Plaintiff alleges that Reddit captured *Plaintiff's* IP address, which is analogous to *Plaintiff's own phone number*. Plaintiff has not alleged that Reddit captured anything remotely analogous to the numbers that Plaintiff "dialed." Thus, Plaintiff has not alleged the use of a "pen register."

*Second*, the Complaint does not allege a "communication" with "content"— an essential element under the Act. At most, Plaintiff alleges he visited Reddit's website several times. Merely accessing a publicly accessible website is not a "communication" with "content."

*Third*, even if Plaintiff had alleged a communication with content, Reddit would be the intended recipient of that communication, as Plaintiff concedes. The Pen Register Act does not prohibit parties to a communication from capturing information about those who contact them. Otherwise, widely used tools like caller ID and email spam filters would be unlawful.

*Fourth*, even if the Complaint alleged the minimum needed to assert a claim, the Pen Register Act simply does not apply here. The Act's plain language, purpose, legislative history, and legislative developments confirm that the Act only protects DRAS that is connected to person-to-person communications (such as phone calls and emails). Mr. Nelson makes clear that he merely "visited" Reddit.com. Visiting a public website is not a person-to-person communication, meaning his claim fails as a matter of law.

*Finally*, because the Act is a criminal statute, the rule of lenity applies. Only conduct clearly covered by the statutory text can give rise to criminal liability, and any ambiguity must be resolved in Reddit's favor. *See United States v. Nosal*, 676 F.3d 854, 863 (9th Cir. 2012).

For all the foregoing reasons, the Court should dismiss the Complaint with prejudice.

## II.    BACKGROUND

### A.    The Pen Register Act

The Pen Register Act, although enacted only in 2015, is California's version of a decades-old federal criminal statute developed to govern "pen registers" and "trap and trace devices"—tools used for law-enforcement surveillance in the era of wire and telephonic communications. In common parlance, a "pen register," or a "dialed number recorder" ("DNR"), is "a device that registers the numbers dialed from a telephone." *Pen Register*, MERRIAM-WEBSTER.COM (last visited July 14, 2025). Courts consistently define a "pen register" as a "device that records the [outgoing] numbers *dialed* on a telephone," but that "does not overhear oral communications." *United States v. N.Y. Tel. Co.*, 434 U.S. 159, 161 n.1 (1977) (emphasis added); *see also, e.g.*, *In re U.S. for an Ord. Authorizing Roving Interception of Oral Commc'ns*, 349 F.3d 1132, 1136 n.7 (9th Cir. 2003) ("A pen register is a mechanical device that records the numbers dialed on a telephone by monitoring the electrical impulses caused when the dial on the telephone is released.") (quoting *N.Y. Tel. Co.*, 434 U.S. at 161 n.1).

California's Pen Register Act, which adopts the language and structure of its federal counterpart with few changes, forms part of the California Invasion of Privacy Act ("CIPA"), a much older statute that was originally enacted to regulate wiretapping and eavesdropping. Like the federal Act, California's Pen Register Act defines a "pen register" as:

> [A] device or process that records or decodes dialing, routing, addressing, or signaling information transmitted by an instrument or facility from which a wire or electronic communication is transmitted, but not the contents of a communication.

Cal. Penal Code § 638.50(b); *see also* 18 U.S.C. § 3127(3). The Act makes it a crime to "install or use" either a "pen register" or a "trap and trace device"

without a court order, consent, or one of the Act's enumerated exemptions for electronic communications service providers. Cal. Penal Code § 638.51(a)-(b).

The Act's prohibitions are narrow: they do not govern the collection of any personal data beyond the narrow category of "dialing, routing, addressing, or signaling" (or "DRAS") information. Cal. Penal Code §§ 638.50(a), (b). Nor does the Act govern the subsequent disclosure of any such DRAS once collected. *See id.* § 638.51.

Perhaps motivated by CIPA's statutory damages provision,[1] plaintiffs' attorneys have nonetheless filed hundreds of "'cookie cutter' lawsuits under CIPA against various businesses that operate websites." *Licea v. Caraway Home Inc.*, 655 F. Supp. 3d 954, 963 (C.D. Cal. 2023). In response, the California Senate unanimously passed amendments to clarify that key provisions of CIPA, including the Pen Register Act, do not apply to the use of routine website-analytics or advertising technologies like those at issue here. *See* Request for Judicial Notice ("RJN"), Ex. A (S.B. No. 690, 2025-26 Reg. Sess. (as amended)) (specifying that CIPA's private right of action "does not apply to the processing of personal information for a commercial business purpose"); *see also id.*, Ex. B (S. Comm. on Pub. Safety, Analysis of Sen. Bill No. 690, CA 2025-26 Reg. Sess.) at 10 (explaining that CIPA was "never intended to apply" to use of commercial tools for "website analytics or online advertising"). The bill is currently pending before the California Assembly, and most recently, it unanimously passed out of the Assembly Committee on Public Safety. *See* California Legislative Information, SB 690, Status (last visited July 14, 2025).

---

[1] Injured persons may seek injunctive relief or damages of the greater of $5,000 per violation or three times the amount of actual damages. Cal. Penal Code § 637.2.

Case No.  3:25-cv-01470-JLS-AHG
MOTION TO DISMISS CLASS ACTION COMPLAINT; MEMO. OF P&A

**B.    Mr. Nelson Merely Alleges that He Visited the Reddit Website**

Mr. Nelson asserts a single claim for violation of the Pen Register Act on the basis that he "visited [Reddit's] Website, including several times within the past year, on his desktop browser." Complaint ("Compl.") ¶¶ 39, 54-63. He claims that code on Reddit's website "caused the LiveRamp Tracker [and LiveRamp cookie] to be installed on [his] browser," which allowed both Reddit and LiveRamp—a third party not before this Court—to receive his IP address, which was used for "website analytics."[2] *See id.* ¶¶ 35, 40-42, 58-59, 61-62. While the Complaint includes conclusory references to "electronic communications transmitted" by Mr. Nelson's browser, *id.* ¶ 58, he does not describe these supposed "communications" or explain their alleged contents.

In other words, Mr. Nelson alleges he is indistinguishable from the "thousands, if not hundreds of thousands" of people who visit Reddit's website every month, Compl. ¶ 48, and his alleged experience could describe any Internet user's experience on any website.

### III.    LEGAL STANDARD

Dismissal under Rule 12(b)(6) is appropriate where "there is either a lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal claim." *Mollett v. Netflix, Inc.*, 795 F.3d 1062, 1065 (9th Cir. 2015) (citation omitted). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice" to survive a motion to dismiss. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Instead, the complaint must include allegations that "raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550

---

[2] "An IP address is defined as 'a unique numerical address identifying each computer on the internet.'" *United States v. Barnes*, No. CR18-5141, 2019 WL 2515317, at *1 n.1 (W.D. Wash. June 18, 2019) (internal citation omitted). "[W]hile IP addresses identify a particular computer connected to the Internet, they do not distinguish between users (e.g., family members) who may share the same computer." *IO Group, Inc. v. Veoh Networks, Inc.*, 586 F. Supp. 2d 1132, 1145 (N.D. Cal. 2008).

U.S. 544, 555 (2007). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct," the complaint should be dismissed. *Ashcroft*, 556 U.S. at 679.

## IV.    ARGUMENT

The Court should dismiss the Complaint with prejudice pursuant to Rule 12(b)(6) because Mr. Nelson does not (and cannot) state a claim for multiple, independently sufficient reasons.

### A.    The Complaint Fails to State a Claim for an Unlawful Pen Register

Mr. Nelson fails to allege the basic elements of a pen register claim for at least three reasons: (1) the Complaint alleges the capture of Mr. Nelson's own IP address, not the DRAS relating to outgoing communications; (2) Mr. Nelson does not allege the presence of any "communication" to which DRAS must necessarily attach; and (3) Reddit is exempt from the Act's requirements for its own communications, and if Mr. Nelson was "communicating" with anyone, he was with Reddit.

#### 1.    The Complaint Does Not Allege the Use of a Pen Register

Mr. Nelson alleges the LiveRamp Tracker captured his IP address and cookies that the Tracker placed on his browser when he visited Reddit's website—information that merely identifies his own device. *See* Compl. ¶¶ 20, 25-26. Thus, even if true, these allegations cannot meet the basic definition of a pen register.

Courts have consistently held that, by definition, a pen register records the numbers or addresses dialed or contacted by the user—the "called party"—not information identifying the user or "calling party" themselves. *See United States v. Taketa*, 923 F.2d 665, 668 n.1 (9th Cir. 1991) (a pen register is "a device that records the *numbers dialed* from a monitored telephone"); *N.Y. Tel. Co.*, 434 U.S. at 161 n.1 (a pen register "records the numbers dialed on a telephone"); *In re U.S. for an Ord. Authorizing Roving Interception of Oral Commc'ns*, 349 F.3d at 1136 n.7 ("A pen

register is a mechanical device that records the numbers dialed on a telephone by monitoring the electrical impulses caused when the dial on the telephone is released."). Long before the enactment of the Pen Register Act, California courts applied this very same definition. *See People v. Blair*, 25 Cal. 3d 640, 654 n. 11 (Cal. 1979) ("A pen register is a mechanical device which records the *numbers dialed* from a telephone[.]") (emphasis added).

Here, Mr. Nelson alleges only that the LiveRamp Tracker captured his own IP address and cookies revealing his IP address—information that is analogous to the caller's own phone number, not information like the URL or IP address of the Reddit website, which would be functionally analogous to the numbers the caller "dials." Because pen registers are designed to collect outgoing addressing information, such as the numbers or addresses a user contacts, the collection of a user's own IP address does not fall within the scope of the statute. *See Rodriguez v. Plivo Inc.*, No. 24STCV08972, 2024 WL 5184413, at *2 (Cal. Super. Ct. Oct. 2, 2024) (dismissing claim involving web-based technology alleged to collect visitors' IP addresses because pen registers "collect outgoing information, such as outgoing telephone numbers, outgoing email addresses" and "IP address is not the type of information collected by pen registers"); *see also Blair*, 25 Cal. 3d at 654 n. 11 (pen registers record "numbers dialed").

Accordingly, Mr. Nelson's claim fails as a matter of law and should be dismissed with prejudice for this reason alone.

## 2.    The Complaint Does Not Allege A Communication With "Content"

Second, even if the Complaint alleged that Reddit installed or used a pen register to capture outgoing dialing information, Mr. Nelson would also need to allege that this purported pen register captured information associated with a communication *that contains content*. Mr. Nelson has not done so—he has alleged only that he visited Reddit's website, nothing more.

By definition, a pen register must capture DRAS information about a communication, but not the contents of that communication. *See* Cal. Penal Code § 638.50(b) (pen register records information "transmitted by an instrument or facility from which a wire or electronic *communication* is transmitted, but not the *contents*") (emphases added); *see also Twitter, Inc. v. Garland*, 61 F.4th 686, 691 n.2 (9th Cir. 2023) ("Pen registers and trap and trace devices, respectively, capture the phone number associated with an outgoing or incoming call (or other communication) on a given communication line."). The Complaint itself concedes this by parroting the elements of the claim. *See* Compl. ¶ 60 ("The Tracker does not collect *the content* of Plaintiff's and the Class's electronic communications with the Website.") (emphasis added) (citing *In re Zynga Priv. Litig.*, 750 F.3d 1098, 1108 (9th Cir. 2014)).

Thus, to state a claim under the Act, Mr. Nelson must allege that he engaged in a communication with Reddit or another party that involved some substantive "content" (and that the LiveRamp Tracker captured the DRAS information of that communication, but not the communication's content). The Complaint, however, alleges only that Mr. Nelson "visited" Reddit's website "several times" on "his desktop browser." *See* Compl. ¶ 39. Courts have repeatedly held that merely opening a web page does not constitute a communication with content. *See Gonzales v. Uber Techs., Inc.*, 305 F. Supp. 3d 1078, 1086 (N.D. Cal. 2018) ("[O]pening a webpage or mobile application is not a communication with content."); *Augustine v. Great Wolf Resorts, Inc.*, No. 23-cv-00281, 2024 WL 3450967, at *6 (S.D. Cal. July 18, 2024) (plaintiff "fail[ed] to show *communications* between Plaintiff" and the website and did not allege that she "intended to convey a message").

Because the Complaint fails to allege any communication with content, it does not state a claim under the Pen Register Act and should be dismissed with prejudice on this independent ground.

### 3.    Reddit, as a Party to any Supposed "Communication," is Exempt from Liability

Even if Mr. Nelson had sufficiently alleged that Reddit installed or used a pen register to capture information related to a communication with some substantive "content"—which he has not—his claim would still fail because Plaintiff concedes that he was "communicat[ing] with the Website"—*i.e.*, with Reddit, Compl. ¶ 60. As a party to the supposed communication, Reddit is exempt from the Pen Register Act's prohibitions.

Since the advent of caller ID, courts have recognized that pen register laws are intended to protect the parties to a communication from *third-party* surveillance, not from one another. *See Wis. Pro. Police Ass'n v. Pub. Serv. Comm'n of Wis.*, 555 N.W.2d 179, 188 (Wis. Ct. App. 1996) (pen register laws were "designed to protect telephone users from unauthorized third-party or governmental intrusions," not "to protect telephone users from one another"); *see also S. Bell Tel. & Tel. Co. v. Hamm*, 409 S.E.2d 775, 777–78 (S.C. 1991) (interpreting South Carolina law to permit Caller ID with the consent of the person being called). Were it otherwise, anyone using caller ID technology to identify the numbers of incoming calls would commit a *crime*.

The same logic applies to more recent technologies. Courts have held that pen register statutes do not prevent recipients of electronic communications from recording the IP addresses or similar identifying information associated with communications that are sent to them. *See Capitol Recs. Inc. v. Thomas-Rasset*, No. 06-1497, 2009 WL 1664468, at *3 (D. Minn. June 11, 2009) (dismissing federal Pen Register Act in context of peer-to-peer file sharing). If Mr. Nelson were correct that Reddit violated the Act by allegedly capturing the IP addresses of Plaintiff's "electronic communications with the Website," Compl. ¶ 60, this would mean that any individual or entity that uses a variety of other commonplace technologies to identify the senders of incoming communications—for instance, spam filters that detect and block malicious emails based on their originating IP addresses—would

1    also violate the Pen Register Act. This cannot be, because the Act protects the parties

2    to a communication from third-party surveillance, not from one another. *See, e.g.,*

3    *Wis. Pro. Police Ass'n*, 555 N.W.2d at 188.

4        Mr. Nelson's allegation that *LiveRamp* also allegedly uses the LiveRamp

5    Tracker to capture IP addresses of visitors to Reddit's website does not change the

6    result. LiveRamp is not a party to the present suit, and any theory that purports to

7    hold Reddit liable for a third party's alleged "use" of a pen register amounts to an

8    aiding and abetting claim. The Pen Register Act does not authorize aiding and

9    abetting claims. *See* Cal. Penal Code § 638.51(a) (prohibiting, in relevant part, only

10    the "install[ation] or use [of] a pen register," except under certain conditions). The

11    California legislature knows how to impose liability for aiding and abetting and chose

12    not to do so here. *See, e.g.*, Cal. Penal Code § 631(a) (making it a crime in the

13    wiretapping context for anyone who "aids, agrees with, employs, or conspires with

14    any person or persons to unlawfully do, or permit, or cause to be done any of the acts

15    or things mentioned [in this statute]").

16        Accordingly, because Reddit is the intended recipient of any alleged

17    communication, the Act does not prohibit Reddit from capturing the IP addresses and

18    other identifying information of individuals who access its website. Mr. Nelson's

19    claim under the Pen Register Act therefore fails for this additional, independent

20    reason.

21    **B.    The Complaint's Deficiencies Cannot be Cured Because the Pen**

22    **Register Act Does Not Apply Here**

23        Beyond Mr. Nelson's failure to adequately plead each of the elements above,

24    his claim must still fail because the Pen Register Act simply does not apply here.

25    Specifically, the Act does not cover merely visiting a website. Its statutory scheme,

26    clear language, and legislative history all point in one direction: the Act protects

27    *communications between people*— phone calls, emails, file sharing, chats—not every

28

Case No.  3:25-cv-01470-JLS-AHG
MOTION TO DISMISS CLASS ACTION COMPLAINT; MEMO. OF P&A

bit and byte of data that powers the internet and might be generated when a person visits a website.

"Federal courts apply California rules of statutory construction when interpreting a California statute." *In re Google Location History Litig.*, 428 F. Supp. 3d 185, 193 (N.D. Cal. 2019) (citing *Lares v. West Bank One (In re Lares)*, 188 F.3d 1166, 1168 (9th Cir. 1999)). "The first step in determining that intent is to 'scrutinize the actual words of the statute, giving them a plain and commonsense meaning.'" *Id.* (quoting *Cal. Teachers Ass'n v. Governing Bd. of Rialto Unified Sch. Dist.*, 14 Cal. 4th 627, 633 (1997)). Where there is any facial or latent ambiguity in the statute, however, a court may consult legislative history to resolve the ambiguity. *See id.*

### 1.     The Act's Plain Language Confirms That It Does Not Apply

The Pen Register Act does not protect all forms of online activity or merely visiting a website, as alleged; instead, it protects only person-to-person communications, like phone calls and emails. This is evident from the plain language of multiple provisions, which must be read holistically. *See, e.g.*, *United Sav. Ass'n of Tex. v. Timbers of Inwood Forest Assocs., Ltd.*, 484 U.S. 365, 371 (1988) ("Statutory construction [] is a holistic endeavor. A provision that may seem ambiguous in isolation is often clarified by the remainder of the statutory scheme [] because only one of the [] meanings [] is compatible with the rest of the law.").

*First*, as discussed above, Section IV.A.2 *supra*, the Act defines "pen register" as a device that captures "information transmitted by an instrument or facility from which a wire or electronic communication is transmitted, but *not* the *contents of a communication*." Cal. Penal Code § 638.50(b) (emphasis added).

Accordingly, the communication at issue must consist of two things: DRAS "information"—*i.e*, the information needed to get the communication from point A to point B—and "content," which is separate from that DRAS. *See id.* And to constitute a "pen register" (as opposed to a wiretapping or eavesdropping device, which intercepts the content of person-to-person communications), the device must

capture only the communication's DRAS, but exclude the communication's content. *See id.* Reading the term "content" out of this definition entirely would violate the interpretive canon against surplusage, which requires a court "to give effect, if possible, to every clause and word of a statute." *Duncan v. Walker*, 533 U.S. 167, 174 (2001) (rejecting interpretation that would ignore the presence of the term "State" in a statutory provision because doing so would mean the term "has no operative effect on the scope of the provision") (internal quotation omitted); *see also, e.g.*, *United States v. Williams*, 659 F.3d 1223, 1227 (9th Cir. 2011) (court must adhere to an "important rule of statutory construction—that every word and clause in a statute be given effect"). Here, to the extent Mr. Nelson has alleged any "communication" at all, it is his act of visiting the website, and he has not alleged that this supposed communication with Reddit contained any content whatsoever.

"Content" means "information concerning the substance, purport, or meaning of [a] communication"—not just technical details incidental to the message. *In re Zynga Priv. Litig.*, 750 F.3d at 1104 (quoting 18 U.S.C. § 2510(8)); *see also Heiting v. Taro Pharms. USA, Inc.*, 709 F. Supp. 3d 1007, 1017–18 (C.D. Cal. 2023) (noting that CIPA borrows the definition of "content" from the federal Wiretap Act). A person conveys the substance, purport, or meaning of a communication when, for example, they talk on the phone or send someone an email. Merely visiting a website, without any allegation of more, is not a substantive communication at all—it is merely an action. A person conveys nothing—there are no "contents" of a communication— when they merely access a public website as alleged here. *See Vita v. New Eng. Baptist Hosp.*, 494 Mass. 824, 848 (Mass. 2024) (no wiretapping claim for web-tracker under state law because interactions with a commercial website did not entail "person-to-person" communication); *see also, e.g., Gonzales,* 305 F. Supp. 3d at 1086 ("opening a webpage" is "not a communication with content"); *Yoon v.*

*Lululemon USA, Inc.*, 549 F. Supp. 3d 1073, 1082–83 (C.D. Cal. 2021) ("keystrokes, mouse clicks, pages viewed" are not "contents" of a "communication").[3]

That lawmakers chose to regulate only communications content strongly suggests that the Act applies only to person-to-person communications, which all contain such content, and not every type of online data transmission, like those necessary to merely visit a website.

***Second***, the Act speaks the language of telephones, not merely visiting a website. It refers repeatedly to "subscribers" and "telephone line[s]"—terms that only make sense for person-to-person communications. For example, the Act requires any pen register order to identify "the person to whom is leased or in whose name is listed the *telephone line*," and the "number" and "physical location of the *telephone line*." *See* Cal. Penal Code §§ 638.52(d)(1), (3) (emphasis added). It also bars "the person owning or leasing the line" from notifying the "listed subscriber." *Id.* § 638.52(g). And while, like the federal Act, the California Pen Register Act applies to more modern forms of person-to-person communications like emails, *see infra* at 13–14, if lawmakers meant for the Act to protect all the bits and bytes that might be generated when someone lands on a website, they would not have used language that is so specific to person-to-person forms of communications.

***Third***, the Act's enumerated exceptions support Reddit's interpretation. The Act provides exceptions for "electronic or wire communication service" providers, so they can, for example, continue to engage in routine functions like providing services, protecting their users, and protecting themselves against fraudulent, unlawful, or abusive activity. *See* Cal. Penal Code §§ 638.51(b)(1) – (5). By limiting these exceptions to a narrow class of entities that provide person-to-person

---

[3] Mr. Nelson concedes this point. Through his pleading, he argues—implausibly—that simply visiting Reddit.com counts as a communication with "content." *See* Compl. ¶ 60 ("The Tracker does not collect *the content* of Plaintiff's and the Class's electronic communications with the Website.") (emphasis added). He does this because, absent that allegation, the Act would not apply.

communication services, the Act makes clear that it was not meant to reach data generated when a person merely visits a website without anything more.

Only entities that are providing electronic and wire communication services can claim the Act's exceptions, and both types of service necessarily involve communications between *people*, and not merely access to a website. The statute defines "[e]lectronic communication service" as a service that lets subscribers "send or receive electronic communications." Cal. Penal Code § 1546(e).[4] Under federal law using identical terminology, courts interpret this language to mean "email provider[s]," because they "permit users to communicate directly with one another," *Casillas v. Cypress Ins. Co.*, 770 F. App'x 329, 330 (9th Cir. 2019), and "internet service providers" that enable users to engage in "communications over the internet." *In re Application of U.S. for an Ord. Authorizing use of A Pen Reg. & Trap On (xxx) Internet Serv. Acct./User Name, (xxxxxxx@xxx.com)*, 396 F. Supp. 2d 45, 47 (D. Mass. 2005).

But courts have rejected the idea that someone receives an electronic communication service when they simply access a public website or interact with the company itself.[5] *See In re U.S. for an Ord. Pursuant to 18 U.S.C. § 2705(b)*, 289 F. Supp. 3d 201, 210 (D.D.C. 2018) (unlike "a user-to-user messaging service," a "service that merely allows users to contact or interact with the company electronically" is not an electronic communication service); *Crowley v. Cybersource*

---

[4] The term "wire communication service" encompasses services that "use[] wire and cable connections to connect calls." *In re U.S. for an Ord. Authorizing Roving Interception of Oral Commc'ns*, 349 F.3d at 1139 & n.14 (interpreting the federal Wiretap Act, which shares common definitions with the federal Pen Register Act).

[5] Mr. Nelson has not alleged, in even a conclusory fashion, that he obtained any form of wire or electronic communication service from Reddit when he merely visited the website. And if he had made such an allegation, he would concede that one or more of the Act's exemptions for such providers would apply to Reddit. *See, e.g.*, Cal. Pen. Code § 638.51(b)(1) (pen register permitted "to operate, maintain, and test" the service); *see also Columbia Pictures Indus. v. Bunnell*, No. CV 06-1093, 2007 WL 2080419, at *11 (C.D. Cal. May 29, 2007) ("[T]he collection of incoming IP addresses by defendants is exempt . . . because defendants already and necessarily capture such data in their RAM [] to operate the website.").

*Corp.*, 166 F. Supp. 2d 1263, 1270 (N.D. Cal. 2001) (plaintiff did not obtain an electronic communication service by visiting an online retailer and interacting with the company); *Lopez v. Apple, Inc.*, 519 F. Supp. 3d 672, 687 (N.D. Cal. 2021) (rejecting the idea that sending information to servers makes a service an electronic communication service).

The Act's exemptions thus confirm that lawmakers sought to protect the communications that people have with each other—that is, person-to-person communications. Mr. Nelson claims only that he visited Reddit, but he does not allege he communicated with anyone. Even leaving aside his theory's other deficiencies, that ends the matter. The Court should dismiss the Complaint because the Act does not apply.

### 2.    The Act's Legislative History Confirms Its Inapplicability to Mr. Nelson's Allegations

To the extent any ambiguity remains, the Act's legislative history confirms it was designed to protect only person-to-person communications. The Act's legislative history begins over forty years ago, with the development of its federal precursor. Prior to enactment of the federal Pen Register Act, law enforcement regularly used pen registers to "record[] the [outgoing] numbers dialed on a telephone." *N.Y. Tel. Co.*, 434 U.S. at 161 n.1. Pen registers quickly became valuable investigative tools, "especially in conspiracies," because they could reveal who is communicating with whom. Op. of B. Lockyer, Att'y Gen., 86 Ops. Cal. Atty. Gen. 198, 2003 WL 22996726, at *1 (Dec. 18, 2003).

Congress enacted the federal Pen Register Act in 1986 to protect peoples' calling information from third-party surveillance, and to subject law enforcement's use of pen registers to legal oversight. 18 U.S.C. §§ 3121–3127. Congress understood pen registers to capture information about who was speaking with whom—i.e., person-to-person communications on telephone lines. *See, e.g.*, S. REP. NO. 99-541, at 10 (1986), *reprinted in* 1986 U.S.C.C.A.N. 3555, 3564 (pen registers "record the

1  *telephone numbers* to which calls have been placed from a particular telephone")

2  (emphasis added).

3      In 2001, Congress expanded the federal Act to address emerging technologies

4  such as cellular networks and email but maintained the Act's focus on

5  communications between people. For example, in Senator Leahy's statements in

6  support of the 2001 bill, he explained the law needed to change because functions

7  "normally accomplished by physical hardware components attached to *telephone*

8  *lines*" were now "typically performed by computerized collection and retention of

9  *call routing information* passing through a *communications system*." 147 CONG. REC.

10  S10990-02, S10999–1000 (daily ed. Oct. 25, 2001) (statement of Sen. Leahy), 2001

11  WL 1297566 (emphases added). And although the internet had long become a regular

12  feature of Americans' daily lives, nothing in the legislative history suggests that

13  Congress intended or even anticipated that the federal Act would govern website

14  operators' ability to capture and log information about traffic to their sites.

15      California's Pen Register Act, enacted in 2015, closely tracks the federal Act,

16  adopting its structure, text, and definitions with few substantive changes. *See* A.B.

17  929, 2015-2016 Reg. Sess. (Cal. 2015). The Act's prohibitions and exemptions are

18  virtually identical to those in the federal statute, except the California Act imposes a

19  heightened showing before law enforcement can obtain an order authorizing the use

20  of a pen register or trap and trace device. *Compare* 18 U.S.C. § 3123(a)(1)

21  (government must certify that information likely to be obtained "is relevant to an

22  ongoing criminal investigation") *with* Cal. Penal Code § 638.52(b) (court must find

23  the information "is relevant to an ongoing investigation and that there is probable

24  cause to believe" the PRTT will lead to certain outcomes). This heightened standard

25  shows that, to the extent the two acts should be interpreted differently, California's

26  Act is narrower, not broader, than its federal counterpart.

27      The legislative history of the California Act makes clear that, like the federal

28  statute on which it is modeled, the Act was intended by California legislators to

regulate person-to-person communications—especially those conducted by telephone. As the California Attorney General explained, pen registers allow law enforcement to map the "identities and relationship[s] *between individuals* suspected of engaging in criminal activity," based on their communications with one another. 86 Ops. Cal. Atty. Gen. 198 at 1. Similarly, a 2015 bill analysis of the Act states that pen registers and trap and trace devices "generally track incoming and outgoing telephone calls," and show "which *people*" are "*communicating with one another* and at what times." RJN, Ex. C (Assemb. Comm. on Pub. Safety, Hearing on AB 929 (2015-2016 Reg. Sess.)) at 10–11 (emphases added). In sum, the California legislature sought to regulate law enforcement's use of technologies that monitor who spoke with *whom*; not technologies used to gather basic information about visitors to a website. *See Sanchez v. Cars.com Inc.*, No. 24STCV13201, 2025 WL 487194, at *3 (Cal. Super. Ct. Jan. 27, 2025) ("[T]he legislative history of the CIPA suggests that 'pen register' [is] used to record or decode dialing, routing, addressing, or signaling information from telephone numbers"). Like the federal Act, nothing in the legislative history of California's Pen Register Act suggests that the Act was intended to govern website operators' ability to use common technologies like the LiveRamp Tracker for web analytics and advertising.

### 3.  More Recent Legislative Activity Confirms the Act Does Not Apply Here

Recent legislative activity further confirms that the California Legislature did not intend the Pen Register Act to regulate website operators' ability to collect information about visitors to their sites, such as IP addresses.

Just three years after passage of the Pen Register Act, the California Legislature passed the California Consumer Privacy Act ("CCPA") to govern the collection of personal information—including IP addresses and data about consumers' interactions with websites. *See* Cal. Civ. Code § 1798.100 *et seq.*; *id.* § 1798.140(v)(1)(F) (defining "personal information" to include IP addresses,

"Internet or other electronic network activity information," and "information regarding a consumer's interaction with an internet website"). The CCPA does not require consent for websites or third-party advertisers to collect this information. Instead, to comply with the CCPA, a website must provide notice of its data collection practices and offer consumers the ability to opt out of sales or sharing with third parties. *See, e.g.*, Cal. Civ. Code §§ 1798.120, 1798.135.[6] If the legislature had intended the Pen Register Act to require consent for the collection of IP addresses for all website visits, including those outside the context of person-to-person communications, then it would not have enacted these specific CCPA provisions— which permit precisely the conduct that Mr. Nelson now claims is unlawful.[7] *See also Thai v. Richmond City Ctr., L.P.*, 86 Cal. App. 5th 282, 290 (2022) ("Under the well-established rule of statutory construction, a specific statute controls over a general statute covering the same subject."); *see id.* ("[W]hen the Legislature has enacted a specific statute to deal with a particular matter, it would intend the specific statute to control over more general provisions of law that might otherwise apply.") (internal citation and quotation omitted).

Pending legislation further underscores this point. California Senate Bill 690 ("SB 690") would amend the Pen Register Act to clarify that the CCPA—not the Pen Register Act—governs websites' collection, use, and sharing of "information regarding a consumer's interaction with an internet website." *See* Cal. Civ. Code § 1798.140(v)(1)(F); *see* RJN, Ex. B (Sen. Comm. on Pub. Safety, Analysis of SB 690),

---

[6] The CCPA has since been amended through a ballot measure and supplemented by regulations, but has maintained these core features as they relate to online data collection for advertising purposes. *See* Cal. Prop. 24 (Nov. 3, 2020) (the "California Privacy Rights Act"); Cal. Code Regs. tit. 11, § 7000 *et seq.*

[7] A recent California AG enforcement action against online-retailer Sephora further confirms this. *See* RJN, Ex. D (Compl., *People v. Sephora, USA, Inc.*, No. CGC-22-601380 (Cal. Super. Ct. S.F. Cty. filed Aug. 23, 2022)). In that matter, the California AG faulted Sephora for failing to provide visitors with CCPA required notice and the ability to opt out of sharing information about their visits with third parties. *See id.* ¶ 2. The California AG did not raise a Pen Register Act claim. Nor is Reddit aware of any instance in which the California AG has sought to enforce the Pen Register Act against a website for the conduct that Plaintiff alleges here.

-18-

at 10. SB 690 would expressly exempt from the Pen Register Act any mechanism used to collect personal data for a "commercial business purpose," including those that are subject to a consumer's opt-out rights under the CCPA. RJN, Ex. A (SB 690) § 5. The bill recently passed the California Senate unanimously and is now pending before the Assembly, where it has already unanimously passed before the Committee on Public Safety. *See* California Legislative Information, SB 690, Status (last visited July 14, 2025).

Even if SB 690 is not ultimately enacted, its legislative history and the statements of its drafters make clear that the Pen Register Act was never intended to apply to the collection of information from individuals visiting public websites. As the bill's sponsor explained, Senate Bill 690 aims to "stop the thousands of shakedown letters and lawsuits against California businesses of all sizes for typical business activities, like website analytics or online advertising that are already governed by" other laws. RJN, Ex. E (Senate Floor Analysis – Third Reading of S.B. 690 Before the Sen. Rules Comm., (2025-2026 Reg. Sess.) at 8). Similarly, testimony before the Senate Committee on Public Safety emphasized that the Act's provisions—originally developed to protect the privacy of phone calls—"w[ere] never intended to apply" to the use of commercial tools for "website analytics and online advertising." RJN, Ex. B (Sen. Comm. on Pub. Safety, Analysis of SB 690) at 10-11.

Thus, both enacted and pending legislation confirm that the Pen Register Act does not—and was never intended to—regulate the routine collection of information from website visitors.

### 4. Mr. Nelson's Proposed Interpretation of the Pen Register Act Would Lead to Absurd Results

Interpreting the Pen Register Act to prohibit websites from collecting IP addresses of their visitors would not only contradict the statute's plain language and legislative history but would produce absurd and unintended consequences—an

outcome courts are required to avoid. *See Ariz. State Bd. For Charter Sch. v. U.S. Dep't of Educ.*, 464 F.3d 1003, 1008 (9th Cir. 2006) ("[S]tatutory interpretations which would produce absurd results are to be avoided.") (cleaned up).

Under Mr. Nelson's theory, the Act would criminalize the use of essential website tools, such as traffic-monitoring software that captures IP addresses to detect malicious traffic and protect websites against cyber-attacks. It would render illegal commonplace third-party analytics tools that track website visits and referral sources—tools that are fundamental for website operation, security, and improvement. Such a sweeping interpretation would upend the basic functioning of the internet and criminalize routine, beneficial business practices.

The California Legislature could not have intended these results when it passed the Pen Register Act. As one California court recently explained, "[t]he pen register statute did not, and does not, criminalize the process by which all websites communicate with all users who choose to access them." *Casillas v. Transitions Optical, Inc.*, No. 23STCV30742, 2024 WL 4873370, at *4 (Cal. Super. Ct. Sep. 9, 2024). Another court similarly observed that "public policy strongly disputes Plaintiff's potential interpretation of privacy laws as one rendering every single entity voluntarily visited by a potential plaintiff, thereby providing an IP address for purposes of connecting the website, as a violator." *Licea v. Hickory Farms LLC*, No. 23STCV26148, 2024 WL 1698147, at *4 (Cal. Super. Ct. Mar. 13, 2024).

In sum, the statutory text and legislative history—reinforced by recent legislative developments—make clear that the Pen Register Act does not apply to the conduct alleged in this case. The Complaint should be dismissed with prejudice.

### C.    The Rule of Lenity Requires Dismissal

Finally, even if the Court were inclined to take a broader interpretation of the Pen Register Act in contravention of its plain language and legislative history, dismissal is still required under the rule of lenity. The Act is a criminal statute that imposes both criminal and civil penalties. When a criminal statute is ambiguous, the

rule of lenity requires courts to limit its reach "to conduct clearly covered." *See United States v. Lanier*, 520 U.S. 259, 266 (1997). This rule applies with equal force "in a criminal or noncriminal context" to ensure consistency. *Leocal v. Ashcroft*, 543 U.S. 1, 11 n.8 (2004). When in doubt, the Court "must choose the interpretation least likely to impose penalties unintended" by the drafters. *United States v. Nosal*, 676 F.3d 854, 863 (9th Cir. 2012) (citation omitted).

Here, Mr. Nelson's interpretation would require stretching the Act's terms—for example, "contents," "telephone," "subscriber," and others—far beyond their ordinary meaning to cover routine website operations. The conduct alleged in the Complaint is not "clearly covered" by the Pen Register Act. When the Legislature enacted the Act in 2015, technologies like web trackers and cookies were already commonplace. If the Legislature intended to regulate such tools, it could have done so explicitly. Instead—and in distinct contrast to the CCPA— the Pen Register Act contains no language indicating that it applies to the collection of website visit data or the use of web-based analytics tools. As the Supreme Court has cautioned, legislatures "do[] not alter the fundamental details of a regulatory scheme in vague terms or ancillary provisions"; in other words, legislatures do not "hide elephants in mouseholes." *Whitman v. Am. Trucking Ass'n, Inc.*, 531 U.S. 457, 468 (2001). The Court should, and must, decline Mr. Nelson's invitation to interpret the Pen Register Act to regulate that conduct anyway.

As the Ninth Circuit has cautioned, courts must "choose the interpretation least likely to impose penalties unintended by Congress." *Nosal*, 676 F.3d at 863. The rule of lenity thus requires that any ambiguity be resolved in favor of the defendant, limiting the Act's application to conduct that is unmistakably within its scope. *Lanier*, 520 U.S. at 266; *see also Vita*, 494 Mass. at 848 (applying the rule of lenity to wiretapping claim because "the transmission of data about a user's web browser configuration and IP address bear little resemblance to person-to-person conversation" and the contexts for which such laws were developed).

Case No.  3:25-cv-01470-JLS-AHG
MOTION TO DISMISS CLASS ACTION COMPLAINT; MEMO. OF P&A

The California Legislature could have clearly stated that the criminal Pen Register Act applies to the conduct alleged here, but it did not. The Court should not endorse Mr. Nelson's proposal to hunt for hidden elephants in the text of the Act and thereby "turn ordinary citizens into criminals." *Am. Trucking Ass'n, Inc.*, 531 U.S. at 468; *Nosal*, 676 F.3d at 862–63. Because the Act does not clearly cover the alleged conduct, the rule of lenity compels dismissal of Mr. Nelson's claim.

## V.    CONCLUSION

For the reasons stated above, the Court should dismiss the Complaint with prejudice.


DATED: July 14, 2025                    **PERKINS COIE LLP**

                                        By: */s/ Nicola C. Menaldo*
                                           Nicola C. Menaldo
                                           Mikella M. Hurley
                                           Elliott J. Joh
                                           Doris Alvarez-Reyes

                                           Attorneys for Defendant
                                           REDDIT, INC.

Case No.  3:25-cv-01470-JLS-AHG
MOTION TO DISMISS CLASS ACTION COMPLAINT; MEMO. OF P&A