**PERKINS COIE LLP**
Nicola C. Menaldo
*pro hac vice*
Washington Bar No. 44459
NMenaldo@perkinscoie.com
1301 Second Avenue, Suite 4200
Seattle, WA 98101
Telephone: 206.359.8000
Facsimile: 206.359.9000

Elliott J. Joh, Bar No. 264927
EJoh@perkinscoie.com
505 Howard Street, Ste 1000
San Francisco, CA 94105-3204
Telephone: 415.344.7000
Facsimile: 415.344.7050

Mikella M. Hurley
*pro hac vice*
New York Bar No. 5468145
MHurley@perkinscoie.com
700 13th Street, NW
Washington, DC 20005-3960
Telephone: 202.654.6200
Facsimile: 202.654.6211

Doris Alvarez-Reyes, Bar No. 340925
DAlvarezReyes@perkinscoie.com
1888 Century Park East, Suite 1700
Los Angeles, CA 90067-1721
Telephone: 310.788.9900
Facsimile: 310.788.3399

*Attorneys for Defendant Reddit, Inc.*

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

DOMINIQUE NELSON, individually and on behalf of similarly situated individuals,

Plaintiff,

v.

REDDIT, INC., a Delaware corporation,

Defendant.

Case No. 3:25-cv-01470-JLS-AHG

[Removed from the Superior Court of the State of California for the County of San Diego, Case No. 25CU022609C]

**DEFENDANT REDDIT, INC.'S REPLY IN SUPPORT OF MOTION TO DISMISS CLASS ACTION COMPLAINT**

DATE: October 30, 2025
TIME: 1:30 p.m.
CTRM: 4D
JUDGE: Hon. Janis L. Sammartino

Complaint Filed: April 30, 2025
Action Removed: June 6, 2025

JURY TRIAL DEMANDED

## Table of Contents

**Page(s)**


I. INTRODUCTION .......... 1

II. ARGUMENT .......... 2

- A. Mr. Nelson's Allegations Do Not Describe a Pen Register Claim .......... 2
  - 1. Pen Registers Do Not Capture Incoming Information .......... 2
  - 2. A Website Visit Is Not a Communication with Content .......... 5
  - 3. Parties Are Allowed to Monitor Their Own Communications .......... 6
- B. The Act Is Limited to Person-to-Person Communications .......... 7
  - 1. The Act's Plain Language Proves Its Limited Scope .......... 8
  - 2. Legislative History Further Proves the Act's Inapplicability .......... 9
  - 3. Mr. Nelson's Interpretation Would Create Absurd Results .......... 9
- C. The Rule of Lenity Requires Dismissal .......... 10

III. CONCLUSION .......... 10

## Table of Authorities

Page(s)

**CASES**

*Ariz. State Bd. For Charter Sch. v. U.S. Dep't of Educ.*, 464 F.3d 1003 (9th Cir. 2006) ........ 9

*Augustine v. Great Wolf Resorts, Inc.*, No. 23-cv-00281, 2024 WL 3450967 (S.D. Cal. July 18, 2024) ........ 6

*Casillas v. Transitions Optical, Inc.*, No. 23STCV30742, 2024 WL 4873370 (Cal. Super. Ct. Sep. 9, 2024) ........ 9

*Columbia Pictures Indus. v. Bunnell*, No. 06-CV-1093-FMC-JCX, 2007 WL 2080419 (C.D. Cal. May 29, 2007) ........ 2

*Conohan v. Rad Power Bikes*, No. 2:25-cv-00106 PVC, 2025 WL 1111246 (C.D. Cal. Apr. 3, 2025) ........ 4, 8

*Duncan v. Walker*, 533 U.S. 167 (2001) ........ 4, 6

*FDA v. Brown & Williamson Tobacco Corp.*, 529 U.S. 120 (2000) (superseded on other grounds) ........ 9

*Gabrielli v. Motorola Mobility LLC*, No. 24-CV-09533-JST, 2025 WL 1939957 (N.D. Cal. July 14, 2025) ........ 4, 7

*Gonzales v. Uber Techs., Inc.*, 305 F. Supp. 3d 1078 (N.D. Cal. 2018) ........ 6

*Greenley v. Kochava, Inc.*, 684 F. Supp. 3d 1024 (S.D. Cal. 2023) ........ 4, 8

*Heiting v. FKA Distrib. Co.*, No. 2:24-CV-07314-HDV-AGR, 2025 WL 736594 (C.D. Cal. Feb. 3, 2025) ........ 4, 7

*Heiting v. Taro Pharms. USA, Inc.*,
709 F. Supp. 3d 1007 (C.D. Cal. 2023) ... 6

*In re Application of U.S. for Ord. Authorizing an In-Progress Trace of Wire Commc'ns over Tel. Facilities*,
616 F.2d 1122 (9th Cir. 1980) ... 2

*In re Zynga Priv. Litig.*,
750 F.3d 1098 (9th Cir. 2014) ... 6, 8

*Ivey v. Harney*,
47 F.3d 181 (7th Cir. 1995) ... 5

*Lesh v. Cable News Network, Inc.*,
767 F. Supp. 3d 33 (S.D.N.Y. 2025) ... 4, 8

*Licea v. Hickory Farms LLC*,
No. 23STCV26148, 2024 WL 1698147 (Cal. Super. Ct. Mar. 13, 2024) ... 9

*Mirmalek v. Los Angeles Times Commc'ns LLC*,
No. 24-CV-01797-CRB, 2024 WL 5102709 (N.D. Cal. Dec. 12, 2024) ... 4, 6, 7, 8

*Moody v. C2 Educ. Sys. Inc.*,
742 F. Supp. 3d 1072 (C.D. Cal. 2024) ... 7, 8

*People v. Blair*,
602 P.2d 738 (Cal. 1979) ... 2

*Riganian v. LiveRamp Holdings, Inc.*,
No. 25-cv-00824-JST, 2025 WL 2021802 (N.D. Cal. July 18, 2025) ... 4, 8

*Rodriguez v. Autotrader.com, Inc.*,
762 F. Supp. 3d 921 (C.D. Cal. 2025) ... 4, 7, 8

*Rodriguez v. Plivo Inc.*,
No. 24STCV08972, 2024 WL 5184413 (Cal. Super. Ct. Oct. 2, 2024) ... 3, 5

*Shah v. Fandom, Inc.*,
754 F. Supp. 3d 924 (N.D. Cal. 2024) ... 4, 5, 6, 7, 8

*United States v. N.Y.*,
434 U.S. 159 (1977) .......... 2

*United States v. Nosal*,
676 F.3d 854 (9th Cir. 2012) .......... 10

*Wis. Pro. Police Ass'n v. Pub. Serv. Comm'n of Wis*,
555 N.W.2d 179 (Wis. Ct. App. 1996) .......... 6, 7

*Zarif v. Hwareh.com, Inc.*,
No. 23-CV-0565-BAS-DEB, 2025 WL 486317 (S.D. Cal. Feb. 13, 2025) .......... 4, 7, 8

**STATUTES**

18 U.S.C. § 2510(8) .......... 6

18 U.S.C. § 3127(3) .......... 3

Cal. Penal Code § 631 .......... 5

Cal. Penal Code § 638.50 .......... 2, 3, 4 5

Cal. Penal Code § 638.51 .......... 8

Cal. Penal Code § 638.52(a) .......... 3, 8

Electronic Communications Privacy Act .......... 5

Federal Wiretap Act .......... 6

SB 690 .......... 10

**OTHER AUTHORITIES**

*Comm. Analysis of A.B. 929 Before the Assemb. Comm. on Pub. Safety*, 2015–2016 Reg. Sess. (Cal. 2015) .......... 9

*Comm. Analysis of S.B. 690 Before the Sen. Comm. on Pub. Safety*,
2025-2026 Reg. Sess. (Cal. 2025) .......... 9

*Pen Register*, Merriam-Webster.com Legal Dictionary,
https://www.merriam-webster.com/legal/pen%20register (last visited Sept. 9, 2025) .......... 2

# REPLY IN SUPPORT OF MOTION TO DISMISS

## I. INTRODUCTION

Plaintiff Dominique Nelson's ("Mr. Nelson") Opposition to Reddit, Inc.'s ("Reddit") Motion to Dismiss asks the Court to disregard four decades of precedent, legislative history, and common sense, and to instead adopt an idiosyncratic interpretation of the Pen Register Act that would criminalize commonplace tools, from analytics to threat-detection software, which nearly all website operators use to operate their websites. Against the overwhelming weight of authority, plain language of the Act, and historical context in Reddit's favor (which Mr. Nelson either fails to address, dismisses out of hand, or asks the Court to ignore), Mr. Nelson misrepresents a series of cases that do not decide the issues raised in Reddit's Motion, and points to a single, non-binding opinion as the definitive authority on what constitutes a "pen register." Mr. Nelson cannot rebut the multiple grounds for dismissal of his claim.

***First***, Mr. Nelson does not make a cognizable pen register claim because he does not allege that the LiveRamp Tracker captured the outgoing addressing information for his communications, or that he engaged in a communication with "content." Further, the Pen Register Act does not prohibit Reddit from monitoring its own communications. Numerous authorities, ranging from the decisions of California superior courts that apply the Act on a daily basis, to decades of consistent decisions in this Circuit and beyond, support Reddit's arguments.

***Second***, statutory language, legislative history, and current legislative efforts show that the Act has no application to Mr. Nelson's allegations. Rather than grapple with Reddit's arguments, Mr. Nelson asks the Court to ignore them and focus instead on his detached and formalistic interpretation of a single provision.

***Finally***, even if the Court were inclined to interpret the Act as broadly as Mr. Nelson does, the claim should still be dismissed in accordance with the rule of lenity.

For all the foregoing reasons, the Court should dismiss the Complaint with prejudice.

## II. ARGUMENT

### A. Mr. Nelson's Allegations Do Not Describe a Pen Register Claim

#### 1. Pen Registers Do Not Capture Incoming Information

Mr. Nelson's pen register claim fails for the simple reason that he does not (and cannot) allege that the LiveRamp Tracker captured any outgoing information about the destinations of his communications online. For decades, federal courts and courts in virtually every state (including California), have interpreted the term "pen register" to mean something that captures "the numbers dialed from a telephone" or the equivalent *outgoing* information corresponding to the "called" party. *See People v. Blair*, 602 P.2d 738, 747 n.11 (Cal. 1979); *see also U.S. v. N.Y. Tel. Co.*, 434 U.S. 159, 161 n.1 (1977) (a "pen register" is a "device that records the numbers dialed on a telephone"); *In re Application of U.S. for Ord. Authorizing an In-Progress Trace of Wire Commc'ns over Tel. Facilities*, 616 F.2d 1122, 1127 (9th Cir. 1980) (same); *see also* Mot. at 6–7 (collecting cases).[1] This is consistent with the Act's definitions, which specify that a *different* type of device—a trap-and-trace—captures incoming information like "the *originating number*" or other information "reasonably likely to identify the *source*" of a communication. Cal. Penal Code § 638.50(c) (emphases added). Thus, for internet-based communications, a "pen register" captures the functional equivalent of the numbers a person "dials", for example, the outgoing IP address of the "called" party. *See Columbia Pictures Indus. v. Bunnell*, No. 06-CV-1093-FMC-JCX, 2007 WL 2080419, at *11 (C.D. Cal. May 29, 2007) (pen register "captures outgoing telephone numbers or IP addresses"). A trap-and-trace device, not alleged here, captures the IP addresses of incoming communications.

Mr. Nelson does not allege that the LiveRamp Tracker captured the outgoing destination information for his communications and thus does not plead a pen

[1] The dictionary definition is the same. *See, e.g.*, *Pen Register*, Merriam-Webster.com Legal Dictionary, https://www.merriam-webster.com/legal/pen%20register (last visited Sept. 12, 2025) ("pen register" is "a device that registers the numbers dialed from a telephone").

register. *See Rodriguez v. Plivo Inc.*, No. 24STCV08972, 2024 WL 5184413, at *2 (Cal. Super. Ct. Oct. 2, 2024).[2] Instead, he alleges that when he "visited the Website," the LiveRamp Tracker "capture[d] Mr. Nelson's IP address," i.e., the addressing information for an *incoming* visit to the Reddit Website. Compl. ¶ 40; *see also id.* ¶ 28. But this is not a "pen register" because "[p]en registers collect outgoing information," like the "IP addresses of websites visited[.]" *Rodriguez*, 2024 WL 5184413, at *2.

Mr. Nelson's responses to this argument are unavailing. First, Reddit has not argued that "the Pen Register Act categorically excludes the IP addresses of website users," or "that website visitors' IP addresses evade the Act's coverage." Opp. at 4–5. Reddit's argument is that software that captures *incoming* IP addresses (or any other *incoming* addressing data) cannot, definitionally, constitute a pen register.

Second, even if the decades of decisions on this point were "antiquated," Opp. at 4, Mr. Nelson offers no authority indicating that the Legislature sought to abandon the traditional meaning of "pen register" already long-applied in federal and state law, and instead adopted the opposite meaning, by its passage of the Pen Register Act. To the contrary, when the California Legislature enacted the Act in 2015, it imported the definitions in the federal Act almost word for word. *Compare* Cal. Penal Code § 638.50(b), *with* 18 U.S.C. § 3127(3).[3] And it included a different term

---

[2] Mr. Nelson disparages this decision as "unpublished" and "hold[ing] zero precedential value." Opp. at 4. But the Superior Court's decision reflects practical experience and common sense and is worth due consideration. California Superior Court judges are responsible for issuing pen register/trap-and-trace orders pursuant to the Pen Register Act, and they routinely apply the Act in practice. *See* Cal. Penal Code § 638.52(a) (peace officer must apply to a California "magistrate for an order or an extension of an order authorizing" a "pen register or a trap and trace device"); *see also id.* § 7(9) (defining "magistrate" for purposes of the California Penal Code as "any one of the officers mentioned in Section 808" of the Penal Code"); *id.* § 808 (designating the "judges of the superior courts" as "magistrates").

[3] Section 638.50(b) of the Pen Register Act adapts the federal definition as follows:

> ~~[T]he term~~ "[**P**]en register" means a device or process ~~which~~ **that** records or decodes dialing, routing, addressing, or signaling information transmitted by an instrument or facility from which a wire or electronic communication is transmitted, ~~provided, however, that~~

addressing "trap and trace" devices which, unlike pen registers, capture incoming information. Cal. Penal Code § 638.50(c). Mr. Nelson's novel interpretation would render superfluous the separate definition for "trap and trace" devices. *Duncan v. Walker*, 533 U.S. 167, 174 (2001) (courts must give effect "to every clause and word of a statute").

Third, Mr. Nelson misleadingly suggests recent cases have considered and rejected Reddit's argument, Opp. at 5, when in fact all but one of these cases did not even discuss it. These cases either (1) involved "trap and trace" claims not alleged here,[4] or (2) addressed different arguments altogether.[5] And *Riganian v. LiveRamp Holdings, Inc.*, No. 25-cv-00824-JST, 2025 WL 2021802 (N.D. Cal. July 18, 2025), which Mr. Nelson insists leaves "no question" that the LiveRamp Tracker is a "pen register," Opp. at 6, examined whether the Act "applies only to telephones"—an argument that Reddit does not make. *Id.* at *11 (N.D. Cal. July 18, 2025) (rejecting LiveRamp's argument that the Act "applies only to telephones and so the technologies Plaintiffs identify do not qualify as pen registers").

The only relevant case Mr. Nelson cites is *Shah v. Fandom, Inc.*, 754 F. Supp. 3d 924, 929 (N.D. Cal. 2024), which inexplicably interpreted "pen register" to include a device that captures the IP addresses of incoming visitors to a website,

---

> ~~such information shall~~ **but** not ~~include~~ the contents of ~~any~~ **a** communication . . . .

[4] *See Conohan v. Rad Power Bikes*, No. 2:25-cv-00106 PVC, 2025 WL 1111246, at *1 (C.D. Cal. Apr. 3, 2025); *Heiting v. FKA Distrib. Co.*, No. 2:24-CV-07314-HDV-AGR, 2025 WL 736594, at *3 (C.D. Cal. Feb. 3, 2025).

[5] *See Rodriguez v. Autotrader.com, Inc.*, 762 F. Supp. 3d 921, 929 (C.D. Cal. 2025) (addressing several arguments not raised here, but not whether the complaint properly alleged capture of outgoing dialing information); *Zarif v. Hwareh.com, Inc.*, No. 23-CV-0565-BAS-DEB, 2025 WL 486317, at *12 (S.D. Cal. Feb. 13, 2025) (same); *Greenley v. Kochava, Inc.*, 684 F. Supp. 3d 1024, 1050 (S.D. Cal. 2023) (same); *Lesh v. Cable News Network, Inc.*, 767 F. Supp. 3d 33, 41–42 (S.D.N.Y. 2025) (same); *Gabrielli v. Motorola Mobility LLC*, No. 24-CV-09533-JST, 2025 WL 1939957, at *11 (N.D. Cal. July 14, 2025) (considering whether the Act "applies only to telephones"); *Mirmalek v. Los Angeles Times Commc'ns LLC*, No. 24-CV-01797-CRB, 2024 WL 5102709, at *3–4 (N.D. Cal. Dec. 12, 2024) (considering whether the Act applies "only to telephone technology").

while acknowledging a "traditional pen register" would not do so. *Id. Shah* is inconsistent with decades of precedent and California courts' interpretation of California law and is therefore unpersuasive. *Compare Rodriguez*, 2024 WL 5184413, at *2; *see also* Mot. at 6–7 (collecting cases).

### 2. A Website Visit Is Not a Communication with Content

The Court should also dismiss Mr. Nelson's claim because he does not allege his mere visit to the Reddit website was a communication with content. Mr. Nelson does not contest he has failed to allege a communication with content; he simply maintains that he is not required to do so because he "does not plead a wiretapping claim." Opp. at 7–8. The text of the Act and cases applying it both confirm otherwise.

Pen registers and wiretaps (both regulated by CIPA) are not distant strangers, as Mr. Nelson suggests. Rather, "a pen register is a cousin" to "a wiretap—a pen register requires the same sort of access to telephone lines but intercepts only the numbers dialed rather than the contents of phone conversations[.]" *Ivey v. Harney*, 47 F.3d 181, 184 (7th Cir. 1995). Accordingly, the statutory definition of "pen register" requires a wire or electronic communication that conveys some "content," even though—unlike its cousin, the wiretap—a pen register does not intercept that content. *See* Cal. Penal Code § 638.50(b) (a "pen register" records "dialing, routing, addressing, or signaling information . . . *but not the contents* of a communication") (emphasis added); *id.* § 631; *see also* Mot. at 3. Put differently, a pen register requires a type of communication consisting of two things: (1) "dialing, routing, addressing, or signaling information"— the equivalent of the phone number someone dials to place a call, and (2) communications "content[]"—the equivalent of the conversation that occurs on that call. *See* Cal. Penal Code § 631. And to constitute a "pen register" (as opposed to a wiretap, which intercepts content, *see id.*), the device must capture the dialing information, but exclude the parties' conversation. *See id.* § 638.50(b).

No content is alleged here. In the context of both ECPA and CIPA, for a "communication" to have content, it must convey some "substance, purport, or

meaning," and merely accessing a website does not qualify, a fact that Mr. Nelson does not dispute. *See* Mot. at 12; Opp. at 7-8 (requesting leave to amend to allege capture of content); *In re Zynga Priv. Litig.*, 750 F.3d 1098, 1104 (9th Cir. 2014) (quoting 18 U.S.C. § 2510(8)) (defining scope of "content[]"); *see also Heiting v. Taro Pharms. USA, Inc.*, 709 F. Supp. 3d 1007, 1017–18 (C.D. Cal. 2023) (CIPA adopts federal Wiretap Act definition of "content[]"); *Gonzales v. Uber Techs., Inc.*, 305 F. Supp. 3d 1078, 1086 (N.D. Cal. 2018) ("opening a webpage" is "not a communication with content"), *reconsideration on other grounds*, No. 17-CV-02264-JSC, 2018 WL 3068248 (N.D. Cal. June 21, 2018). Rather than addressing this plain language, Mr. Nelson ignores the Act's text and misleadingly cites cases that do not consider, much less decide, whether a pen register requires an underlying communication with content. *See Shah*, 754 F. Supp. 3d at 931 (defendant did not dispute that communications contained "content"); *Mirmalek*, 2024 WL 5102709, at *3–4 (no discussion of "content"); *see also* Opp. at 8 (acknowledging same).

The Court should refuse Mr. Nelson's request to read the term "content" out of the definition of "pen register," and instead "give effect, if possible, to every clause and word of [the] statute." *Duncan*, 533 U.S. at 174. Because Mr. Nelson does not allege that he engaged in substantive communication with Reddit, his claim must be dismissed. *See, e.g.*, *Augustine v. Great Wolf Resorts, Inc.*, No. 23-cv-00281, 2024 WL 3450967, at *6 (S.D. Cal. July 18, 2024) (no wiretapping for mere website visit absent allegation that visitor "intended to convey a message" to website operator).

**3. Parties Are Allowed to Monitor Their Own Communications**

Mr. Nelson's claim also fails because multiple courts, addressing technologies like caller ID, have already determined that pen register laws do not prohibit parties from monitoring their own incoming "communications." *See* Mot. at 9 (collecting cases). These laws were "designed to protect telephone users from unauthorized third-party or governmental intrusions," not "from one another." *Wis. Pro. Police Ass'n v. Pub. Serv. Comm'n of Wis*, 555 N.W.2d 179, 188 (Wis. Ct. App. 1996).

Unable to argue with this common-sense conclusion, Mr. Nelson dismisses these cases as "from the 1990s," and then insists that he is not taking aim at "commonplace technologies" like caller ID because Reddit's alleged "use of the LiveRamp Tracker is not akin to that of an entity monitoring its *own* incoming communications." Opp. at 9, 10 n.5. But this contradicts the Complaint, which alleges only that the Tracker captured "electronic communications with *the Website*"; i.e., *Reddit's* website. Compl. ¶ 60 (emphasis added); *see also id.* ¶¶ 26 (when a user "visits *Reddit's Website*," the tracker "automatically retrieves" data), 27 (tracking process begins again "upon the next visit to *Defendant's Website*"), 28 ("[E]very time a user *interacts with the Website*, LiveRamp captures the user's IP address.") (emphases added). Mr. Nelson's argument that the Tracker "remains installed even after users are done interacting with [Reddit's] Website," Opp. at 9, is not alleged in the Complaint, but even if it were, it would not plausibly suggest that *Reddit* captured communications other than those with its own website. In short, if the Act prohibits Reddit from installing or using a device on its own website to monitor incoming visits, it also prohibits the caller ID and traffic-monitoring tools, technologies widely viewed as lawful. Mr. Nelson's authority does not hold differently because, once again, those cases did not consider this issue.[6]

**B. The Act Is Limited to Person-to-Person Communications**

Putting aside his superficial criticisms, *see* Opp. at 10, Mr. Nelson offers no response to Reddit's analysis of the Act's limited scope. Instead, he incorrectly suggests that multiple courts have rejected this line of reasoning. *See generally id.* But undersigned counsel is unaware of a single decision considering and holding that

[6] *See Gabrielli*, 2025 WL 1939957, at *12 (no consideration of exemption for parties to a communication); *Zarif*, 2025 WL 486317, at *11–12 (same); *Heiting*, 2025 WL 736594, at *3 (declining to consider whether the party exemption applied); *Rodriguez*, 762 F. Supp. 3d at 930 (addressing wiretapping, not pen register, claim); *Mirmalek*, 2024 WL 5102709, at *3–4 (no consideration of party exemption); *Shah*, 754 F. Supp. 3d at 933 (same); *Moody v. C2 Educ. Sys. Inc.*, 742 F. Supp. 3d 1072, 1076 (C.D. Cal. 2024) (same).

the Act extends beyond person-to-person forms of communications.

**1. The Act's Plain Language Proves Its Limited Scope**

As explained in Reddit's Motion, the Act extends only to person-to-person communications, not alleged here, because (1) the statutory definition of "pen register" assumes the communication at issue conveys "content," *see* Section II.A.2 *supra;* (2) the Act's pen register order requirements refer to "subscribers" and "telephone line[s]," which logically can only apply to person-to-person communication services like phone or email, *see* Cal. Penal Code § 638.52(c)–(d)(1), (3); and (3) the Pen Register Act contains exemptions only for providers of electronic or wire communication services, which would be nonsensical if the Act also ensnared services that do not provide people with the ability to communicate, *see* Cal. Penal Code § 638.51(b)(1)-(5).[7] *See generally* Mot. at 11–19. Mr. Nelson does not attempt to reconcile these interpretive red flags and instead ignores them. And the cases he offers all address arguments that Reddit does not make, e.g., (1) whether software constitutes a "device" or "process" under the Pen Register Act, (2) whether IP addresses can be dialing, routing, addressing, or signaling information, or (3) whether the Act only applies to phones.[8] Mr. Nelson cannot identify a single case that squarely considers, much less holds, that the Act extends beyond person-to-person communications. In contrast, the weight of Reddit's authority establishes the opposite. *See* Mot. at 11–19 (collecting cases). The Court should reject Mr. Nelson's interpretation, which would create an "[in]coherent regulatory scheme," and instead

[7] If the Act applied to providers who were not subject to exemptions, this would mean that while a webmail provider could use tools to screen incoming traffic from malicious IP addresses, for example, numerous other website operators that do not offer communication services could not do so even with visitors' "consent" or to "protect the[ir] rights or property." Cal. Penal Code § 638.51(b)(2), (5).

[8] *See Zynga*, 750 F.3d at 1104 (addressing "contents" for wiretap claims); *Riganian*, 2025 WL 2021802, at *11 (addressing whether the Act is limited to telephones); *Mirmalek*, 2024 WL 5102709, at *3–4 (not addressing whether the Act only applies to person-to-person communications); *Moody*, 742 F. Supp. 3d at 1076 (same); *Conohan*, 2025 WL 1111246, at *6 (same); *Greenley*, 684 F. Supp. 3d at 1050 (same); *Rodriguez*, 762 F. Supp. 3d at 929 (same); *Zarif*, 2025 WL 486317, at *12 (same); *Shah*, 754 F. Supp. 3d at 931 (same); *Lesh*, 767 F. Supp. 3d at 41 (same).

interpret the Act as a "harmonious whole." *FDA v. Brown & Williamson Tobacco Corp.*, 529 U.S. 120, 133 (2000) (superseded on other grounds).

**2. Legislative History Further Proves the Act's Inapplicability**

The Act's extensive legislative history also confirms it is limited to person-to-person communications. *See* Mot. at 15–19. Consistent with federal law, when the Legislature enacted the Pen Register Act, it understood that pen registers tracked "which people" are "communicating with one another and at what times." *Comm. Analysis of A.B. 929 Before the Assemb. Comm. on Pub. Safety*, 2015–2016 Reg. Sess. (Cal. 2015) at 16. The Act was "never intended to apply" to commercial tools for "website analytics or online advertising." *Comm. Analysis of S.B. 690 Before the Sen. Comm. on Pub. Safety*, 2025-2026 Reg. Sess. (Cal. 2025), at 9–10. Mr. Nelson offers no alternate legislative history, because there is none. Instead, he argues, based on a selective reading of a single provision, that "the Court need not consider" Reddit's "analysis of the legislative history." Opp. at 13. The Court should decline to ignore relevant authority when interpreting the scope of the Act.

**3. Mr. Nelson's Interpretation Would Create Absurd Results**

Courts should avoid "statutory interpretations which would produce absurd results[.]" *Ariz. State Bd. For Charter Sch. v. U.S. Dep't of Educ.*, 464 F.3d 1003, 1008 (9th Cir. 2006). And California courts, which apply the Pen Register Act in practice every day, have rejected claims like Mr. Nelson's on precisely those grounds. As one court held, any reading of the Act that would prevent websites from using a device or process to capture the IP address of incoming visitors would "criminalize the process by which all websites communicate with all users who choose to access them." *Casillas v. Transitions Optical, Inc.*, No. 23STCV30742, 2024 WL 4873370, at *4 (Cal. Super. Ct. Sep. 9, 2024); *see also Licea v. Hickory Farms LLC*, No. 23STCV26148, 2024 WL 1698147, at *4 (Cal. Super. Ct. Mar. 13, 2024) (dismissing similar claim because "public policy strongly disputes Plaintiff's potential interpretation of privacy laws as one rendering every single entity

voluntarily visited by a potential plaintiff, thereby providing an IP address for purposes of connecting the website, as a violator"). Mr. Nelson's rhetorical shrug that "the Act is intentionally written broadly" is no answer. *See* Opp. at 14.

**C. The Rule of Lenity Requires Dismissal**

Even if the Complaint could state a colorable "pen register" claim, the rule of lenity still requires dismissal because there are multiple, fundamental ambiguities in the Act's application to this case. *See* Mot. at 20–22. First, the Act contains no language clearly indicating that it applies beyond person-to-person communications and regulates mere website visits. *See id*. at 11–15, 20–21. Second, the Legislature's decision to subject website operators to the CCPA's *opt-out* regime, rather than requiring them to obtain opt-in consent as Mr. Nelson argues, creates confusion and fails to put website operators on notice of their statutory obligations. *See id.* at 17–18. Third, the Legislature's efforts to "clarify" the Act prove it was never clear to begin with. *See* RJN, Ex. F, Transcript of SB 690 Hearing ("SB 690 will simply clarify" that conduct "regulated by the CCPA [is] not within [] scope"). Mr. Nelson asserts only that "[t]here is no such egregious ambiguity here, nor has it previously been found," Opp. at 16, and mischaracterizes Reddit's references to the CCPA as sounding in "conflict" rather than evidence of ambiguity, Opp. at 15. But Reddit's actual point is that courts should not extend an ambiguous criminal statute to ensnare conduct that (1) the statute does not clearly cover, (2) the drafters did not anticipate, and (3) is unequivocally governed—and indeed, *permitted*—by a more recent and specific statute. *See* Mot. at 21. Here, the rule of lenity requires the Court to "choose the interpretation" that is "least likely to impose [unintended] penalties," and hold that the Act does not prohibit website operators from gathering basic information about traffic to their sites. *United States v. Nosal*, 676 F.3d 854, 863 (9th Cir. 2012).

**III. CONCLUSION**

For the reasons in Reddit's Motion and stated above, the Court should dismiss the Complaint with prejudice.

DATED: September 12, 2025

**PERKINS COIE LLP**

By: */s/ Nicola C. Menaldo*
Nicola C. Menaldo
Mikella M. Hurley
Elliott J. Joh
Doris Alvarez-Reyes

Attorneys for Defendant
REDDIT, INC.