UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DOMINIQUE NELSON, individually and on behalf of similarly situated individuals,<br><br>Plaintiffs,<br><br>v.<br><br>REDDIT, INC., a Delaware corporation,<br><br>Defendant. | Case No.: 25-CV-1470 JLS (AHG)<br><br>**ORDER DENYING DEFENDANT REDDIT, INC.'S MOTION TO DISMISS CLASS ACTION COMPLAINT**<br><br>(ECF No. 15) |

Presently before the Court is Defendant Reddit, Inc.'s ("Reddit" or "Defendant") Motion to Dismiss Class Action Complaint ("Mot.," ECF No. 15). Also before the Court is Plaintiff Dominique Nelson's Response in Opposition to Defendant Reddit, Inc.'s Motion to Dismiss Class Action Complaint ("Opp'n," ECF No. 18), and Reddit's Reply in Support of Motion to Dismiss Class Action Complaint ("Reply," ECF No. 19). Both Parties submitted supplemental authority. *See* ECF Nos. 21–25. After reviewing Plaintiff's Complaint ("Compl.," ECF No. 1, Ex. A), the Parties' arguments, and the relevant law, the Court **DENIES** Reddit's Motion (ECF No. 15).[1]

/ / /

---

[1] The Court **DENIES AS MOOT** Defendant's Request for Judicial Notice (ECF No. 15-1) as the Court does not refer or rely on the information provided.

# BACKGROUND

Defendant owns and operates the popular social media website, Reddit.com (the "Website"). Compl. ¶ 1. Plaintiff, a user of Reddit.com, *id.* ¶ 39, alleges that when "users access the Website, Defendant initiates the installation of a third-party tracking tool by LiveRamp ('LiveRamp Tracker'), on visitors' internet browsers to capture the IP addresses of the Website's visitors," *id.* ¶ 2, and places a cookie in the user's browser cache, *id.* ¶ 26. Plaintiff brings this class action complaint alleging that the use of the LiveRamp Tracker violates the California Invasion of Privacy Act ("CIPA") by constituting a pen register under CIPA § 638.50(b) and thus violating CIPA § 638.51(a)—which prohibits the use of pen registers without prior consent or court order. *Id.* ¶¶ 3–5; 11–15; *see also* Cal. Penal Code §§ 638.50(b), 638.51(a) ("Pen Register Act" or the "Act).

## I. California Invasion of Privacy Act

"CIPA was enacted to protect Californians' privacy rights." *Fregosa v. Mashable, Inc.*, No. 25-CV-1094-CRB, 2025 WL 2886399, at *2 (N.D. Cal. Oct. 9, 2025) (citing Cal. Penal Code § 630). The Pen Register Act "prohibits the installation or use of a pen register or trap-and-trace device without first obtaining a court order or user consent." *Id.* (citing Cal. Penal Code § 638.51(a)-(b)). Section 638.50 defines pen register as "a device or process that records or decodes dialing, routing, addressing, or signaling information transmitted by an instrument or facility from which a wire or electronic communication is transmitted, but not the contents of a communication." Cal. Penal Code § 638.50(b). A "trap and trace device" is a related device that "captures the incoming electronic or other impulses that identify the originating number or other dialing, routing, addressing, or signaling information reasonably likely to identify the source of a wire or electronic communication, but not the contents of a communication." *Id.* § 638.50(c).

/ / /
/ / /
/ / /
/ / /

Further, Section 637.2 states that,

> (a) Any person who has been injured by a violation of [§ 638.51(a)] may bring an action against the person who committed the violation for the greater of the following amounts:
> (1) Five thousand dollars ($5,000) per violation.
> (2) Three times the amount of actual damages, if any, sustained by the plaintiff.

"Historically, these terms described devices attached to telephone lines that recorded outgoing or incoming phone numbers dialed." *Fregosa*, 2025 WL 2886399, at *2. However, courts have extended this definition to include internet communications, concluding that the definitions are "intentionally broad and not limited to specific technology, as 'all CIPA provisions are to be interpreted in light of the broad privacy-protecting statutory purposes of CIPA.'" *Camplisson v. Adidas Am., Inc.*, No. 25-CV-603-GPC-KSC, 2025 WL 3228949, at *7 (S.D. Cal. Nov. 18, 2025) (quoting *Javier v. Assurance IQ, LLC*, No. 21-16351, 2022 WL 1744107, at *2 (9th Cir. May 31, 2022)).

## II. LiveRamp Tracker

Plaintiff alleges that, "to load Defendant's website on a user's internet browser, the user's browser transmits an 'HTTP request' or 'GET' request to the Defendant's server, which houses the necessary Website data." Compl. ¶ 17. Defendant's server then "delivers an 'HTTP response' to the user's browser containing a series of instructions." *Id.* Defendant's Website then installs a LiveRamp Tracker on the user's browser "prompt[ing] the browser to transmit identifying data, specifically the user's IP address,[2] back to LiveRamp." *Id.* ¶ 18. "From an IP address, one can derive the device's state, city, and zip code." *Id.* ¶ 19. LiveRamp "also places a cookie[3] in the user's browser cache." *Id.* ¶ 26.

---

[2] "An IP address is defined as 'a unique numerical address identifying each computer on the internet.'" *United States v. Barnes*, No. CR18-5141, 2019 WL 2515317, at *1 n.1 (W.D. Wash. June 18, 2019) (internal citation omitted).

[3] "Cookies are small text files sent by a website's server to a user's web browser and stored locally on the user's device which can be used to track, *e.g.*, a user's browsing and visit history, website interactions, user input data, shopping behavior, session information, and more." *Walsh v. Dollar Tree Stores, Inc.*,

"When the user subsequently visits Reddit's Website, LiveRamp automatically retrieves the cookie and transmits the stored data along with the user's IP address to LiveRamp's servers for ongoing analysis and personalized ad delivery." *Id.* Each time a user clears their cookies, the LiveRamp Tracker is erased from the browser cache, and the process begins again. *Id.* ¶ 27.

LiveRamp "provides the 'most expansive data collaboration network' that can '[c]onnect data across every platform, unluck deep insights, and deliver personalized experiences that fuel growth.'" *Id.* ¶ 22 (quoting hrrps://liveramp.com). LiveRamp is used as an advertising tool that "helps marketers get a single view of consumers through an offline identity graph—a large database of sourced, cleansed, and merged demographic information such as a person's name, address, and phone number." *Id.* ¶ 23. In sum, LiveRamp "enables Reddit to leverage its users' interactions with the site for personalized advertising." *Id.* ¶ 24.

## LEGAL STANDARD

Federal Rule of Civil Procedure 12(b)(6) permits a party to raise by motion the defense that the complaint "fail[s] to state a claim upon which relief can be granted." To survive a 12(b)(6) motion, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is facially plausible when the facts pled "allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. That is not to say that the claim must be probable, but there must be "more than a sheer possibility that a defendant has acted unlawfully." *Id*. Facts "'merely consistent with' a defendant's liability" fall short of a plausible entitlement to relief. *Id*. (quoting *Twombly*, 550 U.S. at 557).

---

No. 25-CV-1601-SVK, 2025 WL 2939229, at *2 (N.D. Cal. Oct. 16, 2025) (internal quotation marks and citations omitted).

Though this plausibility standard "does not require 'detailed factual allegations,' . . . it [does] demand[] more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Id*. (quoting *Twombly*, 550 U.S. at 555). In other words, a complaint will not suffice "if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id*. (alteration in original) (quoting *Twombly*, 550 U.S. at 557). Put differently, "a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555.

Review under Rule 12(b)(6) requires a context-specific analysis involving the Court's "judicial experience and common sense." *Iqbal*, 556 U.S. at 679. In performing that analysis, "a district court must accept as true all facts alleged in the complaint, and draw all reasonable inferences in favor of the plaintiff." *Wi-LAN Inc. v. LG Elecs., Inc.*, 382 F. Supp. 3d 1012, 1020 (S.D. Cal. 2019). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief.'" *Iqbal*, 556 U.S. at 679 (second alternation in original). If a complaint does not survive Rule 12(b)(6), a court grants leave to amend unless it determines that no modified contention "consistent with the challenged pleading could . . . possibly cure the deficiency." *Schreiber Distrib. Co. v. Serv-Well Furniture Co.*, 806 F.2d 1393, 1401 (9th Cir. 1986).

## DISCUSSION

On July 14, 2025, Defendant filed the current Motion moving for dismissal "on the grounds that Plaintiff has not alleged facts that give rise to a claim under the Act." Mot. at 2. Specifically, Defendant argues: "(1) the technology alleged does not qualify as a pen register as a matter of law because it does not capture outgoing dialing or addressing information, (2) Plaintiff has not alleged transmission of a communication with content, which is necessary to state a claim under the Act, (3) Reddit is exempt from statutory liability because it is a party to any purported communication, (4) the Act's plain language, purpose, legislative history, and recent legislative developments all confirm it applies exclusively to person-to-person communications that are not alleged here, and (5) to the

extent that there is any ambiguity regarding the Act's application, the rule of lenity requires dismissal." *Id.* The Court addresses each argument in turn.

## I.     Qualification as a Pen Register

Defendant first argues that the LiveRamp Tracker cannot qualify as a pen register because "pen registers are designed to collect outgoing addressing information, such as the numbers or addresses a user contacts," not, as Plaintiff alleges, the collection of a user's own IP address and cookies. Mot. at 16. Plaintiff, citing several recent federal district court opinions in the Ninth Circuit, argues that it is inapposite whether the addressing information is coming from the recipient or the sender. Opp'n at 10–11 (first citing *Shah v. Fandom, Inc.*, 754 F. Supp. 3d 924, 929–30 (N.D. Cal 2024); then citing *Riganian v. LiveRamp Holdings, Inc.*, 791 F. Supp. 3d 1075, 1093 (N.D. Cal. 2025)). Plaintiff alleges that the LiveRamp Tracker operates as a pen register because when installed on the user's browser, the Tracker captures the users' IP address and other cookies information—thus collecting the "user's outgoing 'routing, addressing, or signaling information.'" Compl. ¶ 20.

The Court agrees with most districts to consider the issue that the LiveRamp Tracker plausibly qualifies as a pen register for purposes of CIPA § 638.51(a). *See, e.g.*, *Camplisson*, 2025 WL 3228949, at *7 ("[M]ost cases in this and other districts have also recognized that website-based trackers can plausibly constitute a pen register.") (collecting cases); *Fregosa*, 2025 WL 2886399, at *6 ("Courts in this district have widely recognized that trackers capturing IP addresses and related metadata fall comfortably within the definition of a 'pen register.'"); *Casillas v. Six Flags Ent. Corp.*, No. 2:25-CV-6824-CBM-PD, 2025 WL 3684543, at *8–9 (C.D. Cal. Dec. 15, 2025) (same); *Gabrielli v. Haleon US Inc.*, No. 25-CV-2555-WHO, 2025 WL 2494368, at *11 (N.D. Cal. Aug. 29, 2025) ("Th[e] argument [that third-party trackers are not pen registers under CIPA] has been considered and rejected multiple times."); *Semien v. PubMatic Inc.*, No. 25-CV-3164-SI, 2026 WL 216333, at *10–11 (N.D. Cal. Jan. 27, 2026) (same).

///

1    Section 638.50 defines pen register as "a device or process that records or decodes
2  dialing, routing, addressing, or signaling information transmitted by an instrument or
3  facility from which a wire or electronic communication is transmitted, but not the contents
4  of a communication." Cal. Penal Code § 638.50(b). The Court is not persuaded that the
5  definition of pen register requires the collection of only outgoing data. "By the plain
6  meaning of § 638.50(b), collection of the recipient phone number or IP address is not a
7  required element." *Shah*, 754 F. Supp. 3d at 929; *see also Harris v. iHeartMedia, Inc.*, No.
8  25-CV-6038-EKL, 2026 WL 247875, at *2–3 (N.D. Cal. Jan. 29, 2026) (rejecting the
9  argument that pen registers only collect outgoing data and concluding third party trackers
10 are plausibly pen registers). "All that is required is that the Tracker[] record[s] addressing
11 information transmitted by the user's computer or smartphone in connection with the
12 outgoing HTTP request to [Reddit's] website, regardless of whether that addressing
13 information pertains to the sender or the recipient of the communication at issue." *Id.*
14 "Th[e] definition [of a pen register] is technology-neutral, not confined to legacy telephone
15 equipment, and not particularly sensitive to the semantic distinction that [Defendant] seeks
16 to draw." *Fregosa*, 2025 WL 2886399, at *6 (rejecting the argument that pen registers
17 must collect outgoing information and finding pleading sufficient). Therefore, it is
18 immaterial that the Tracker does not "operate like traditional phone pen registers." *Shah*,
19 754 F. Supp. 3d at 929.

20 **II.  A Communication with "Content"**

21    Defendant next argues that Plaintiff must also allege "that this purported pen register
22 captured information associated with a communication *that contains content*"—not simply
23 that he visited Reddit's website. Mot. at 16. Defendant states that a pen register must
24 capture "dialing, routing, addressing, or signaling" ("DRAS") information "about a
25 communication, but not the contents of that communication." *Id.* at 17 (citing Cal. Penal
26 Code § 638.50(b)). Defendant thus concludes that "to state a claim under the Act,
27 [Plaintiff] must allege that he engaged in a communication with Reddit or another party
28 that involved some substantive 'content' (and that the LiveRamp Tracker captured the

DRAS information of that communication, but not the communication's content)." *Id.* Plaintiff argues that Defendant is conflating the requirements of § 631, the wiretapping provisions, with those of § 638.51, the pen register provisions. Opp'n at 12. Plaintiff admits that if they were alleging Defendant violated § 631, then the pleadings would need to "include that Defendant aided and abetted LiveRamp to capture the 'contents or meaning' of his electronic communications"—but the same is not required to state a claim under § 638.51. *Id.* (first citing Cal. Penal Code § 631; and then citing *Yoon v. Lululemon USA, Inc.*, 549 F. Supp. 3d 1073, 1082 (C.D. Cal. 2021)). The Court agrees with Plaintiff.

Defendant fails to point to any authority—specifically within the plethora of cases addressing the claims at issue—supporting its contention that to state a claim, Plaintiff must "allege that he engaged in a communication with Reddit or another party that involved some substantive 'content,'" Mot. at 17, and the Court is unaware of any authority. The Court agrees that Defendant is likely conflating the requirements of the wiretapping statute with those of the pen register statute or asking the Court to add a new requirement to the pleading standard for § 638.51. Rather, district courts that have considered claims under § 638.51 have found pleadings like those here sufficient and have never required specific allegations that the communications with the website be substantive. *See, e.g.*, *Riganian*, 791 F. Supp. 3d at 1092 (finding pleading sufficient for a device that "allegedly record[s] addressing or signaling information—such as IP addresses and electronic identification numbers" (cleaned up)); *Fregosa*, 2025 WL 2886399, at *6–7 (finding that "embedded thirty-party trackers" that "recorded the IP address and device identifiers of the user" adequately alleged a communication); *Wright v. TrueCare Prop. Holdings*, No. 25-CV-786-JES-BLM, 2025 WL 3248749, at *4–5 (S.D. Cal. Nov. 21, 2025) (finding pleading sufficient for a device that "tracked information related to her visit to [defendant's] site and her Facebook ID"); *Mirmalek v. Los Angeles Times Commc'ns LLC*, No. 24-CV-1797-CRB, 2024 WL 5102709, at *3–4 (N.D. Cal. Dec. 12, 2024) (finding pleading sufficient for a device that collects IP addresses).

///

Even if the Court were to engage in statutory analysis as Defendant suggests, "there is no doubt that the California Legislature, in enacting CIPA, intended 'to protect the right of privacy of the people of this state from what it perceived as a serious threat to the free exercise of personal liberties that cannot be tolerated in a free and civilized society.'" *In re Meta Pixel Tax Filing Cases*, 793 F. Supp. 3d 1147, 1153 (N.D. Cal. 2025) (quoting *Flanagan v. Flanagan*, 27 Cal. 4th 766, 775 (2002)). "Recognizing this intent, the California Supreme Court 'has instructed courts to interpret CIPA in the manner that 'fulfills the legislative purpose of CIPA by giving greater protection to privacy interests.'" *Id.* (quoting *Matera v. Google, Inc.*, No. 15-CV-4062-LHK, 2016 WL 8200619, at *19 (N.D. Cal. Aug. 12, 2016)). Therefore, the Court finds that, in the interest of fulfilling the purposes behind CIPA, the requirement of a communication containing substantive content cannot be implied into § 638.51.

### III. Exempt as a Party to the Communication

Defendant next argues that it is exempt from the Pen Register Act's prohibitions because "Plaintiff concedes that he was 'communicat[ing] with the Website'—*i.e.*, with Reddit." Mot. at 18 (quoting Compl. ¶ 60). Defendant argues that "courts have recognized that pen register laws are intended to protect the parties to a communication from *third-party* surveillance, not from one another." *Id.* (first citing *Wis. Pro. Police Ass'n v. Pub. Serv. Comm'n of Wis.*, 555 N.W.2d 179, 188 (Wis. Ct. App. 1996); then citing *S. Bell Tel. & Tel. Co. v. Hamm*, 409 S.E.2d 775, 777–78 (S.C. 1991)). Plaintiff counters that "use of the LiveRamp Tracker is not akin to that of an entity monitoring its *own* incoming communications" but rather "Defendant has intentionally designed its Website to compulsively download *third-party tracking technologies* on its users' browsers, technology that remains installed even after users are done interacting with Defendant's website." Opp'n at 14. The Court again agrees with Plaintiff.

The Court follows other courts in the Ninth Circuit in finding that Reddit is mischaracterizing Plaintiff's allegations. Plaintiff "does not allege that [Reddit] violated CIPA simply by receiving IP addresses as part of an ordinary online exchange." *Fregosa*,

2025 WL 2886399, at *7. Rather, Plaintiff alleges that Reddit "affirmatively embedded third-party trackers that recorded and transmitted users' identifying information to outside entities for profiling and advertising purposes." *Id.* The Court finds that Reddit is not exempt as a party to the communication. *See Fregosa*, 2025 WL 2886399, at *7 (rejecting the same argument); *Camplisson*, 2025 WL 3228949, at *8 (rejecting similar argument and finding that the website owner was not "the appropriate 'user' to defeat [p]laintiffs' claim"); *Rodriguez v. Autotrader.com*, 762 F. Supp. 3d 921, 930 (C.D. Cal. 2025) (rejecting the same argument because the information the defendant collected was sent to third-parties); *Bradshaw v. Lowe's Cos., Inc.*, No. 25-CV-742 DMS (MMP), 2025 WL 3171740, at *7 (S.D Cal. Nov. 12, 2025) (rejecting "user" argument); *Xu v. Reuters News & Media, Inc.*, No. 25-CV-459918, 2025 WL 3035015, at *4 (Cal. Super. Oct. 24, 2025) (rejecting suggestion to create an exception for liability for defendant as a party to the communication).

Defendant attempts to rebut this conclusion by arguing that any liability for Reddit due to LiveRamp's actions must be based on aiding and abetting liability, which is not permitted under § 638.51. Mot. at 19. The Court similarly rejects this argument because Defendant mischaracterizes Plaintiff's allegations. Plaintiff "pleads direct, not secondary, liability." *Fregosa*, 2025 WL 2886399, at *8. Plaintiff alleges that Defendant "embedded third-party trackers in its own website, thereby causing users' browsers to install and run them" and then received data on personalized advertising as a result. *Id.* Plaintiff's theory turns on Defendant's own conduct, not the conduct of LiveRamp. *Id.* (finding that, on similar allegations, the defendant itself "installed" and/or "used" a "device or process" that "records addressing information, i.e., a pen register"); *see also Shah*, 745 F. Supp. 3d at 931 (rejecting third party culpability argument). Therefore, this argument also fails.

## IV. CIPA § 638.51 Only Applies to Person-to-Person Communications

Defendant next argues that Plaintiff's claim must fail because § 638.51 "does not cover merely visiting a website" but rather "[i]ts statutory scheme, clear language, and legislative history all point in one direction: the Act protects *communications between*

1  *people*—phone calls, emails, file sharing, chats—not every bit and byte of data that powers
2  the internet and might be generated when a person visits a website." Mot. at 19–20.
3  Defendant then conducts a lengthy statutory analysis discussing the pen register act's
4  statutory language and scheme, legislative history and recent activity, and public policy
5  implications of the act's interpretation. *Id.* at 20–29.

6  As discussed above, the Court follows other courts in concluding that § 638.51
7  plausibly applies to the device at issue. *See, e.g.*, *Bradshaw*, 2025 WL 3171740, at *7
8  ("Defendants' first argument is the trackers are neither pen registers nor trap and trace
9  devices under CIPA. In support of this argument, Defendants rely on the statutory
10 language and legislative history, and raise a public policy argument. The reliance on these
11 sources is understandable as the case law is not in Defendants' favor. Indeed, it uniformly
12 supports the opposite outcome.") (collecting cases); *Fregosa*, 2025 WL 2886399, at *7
13 ("[Defendant's] position—that there must be an interpersonal exchange—is unsupported.
14 Nothing in the text requires that a communication involve two human correspondents.")
15 (rejecting the argument that the pending Senate Bill 690 undermines the pleading at issue);
16 *Drummer v. Costar Grp., Inc.*, No. EDCV 25-1047 JGB (SPX), 2025 WL 3190656, at *4
17 (C.D. Cal. Oct. 22, 2025) (rejecting the argument that interpreting the pen register act to
18 encompass IP address collection to third parties exposes every website operator to CIPA
19 liability); *Shah*, 745 F. Supp. 3d at 932–33 (same); *Xu*, 2025 WL 3035015, at *4 (rejecting
20 similar arguments about Senate Bill 690 and the statutory scheme). Therefore, the Court
21 is unpersuaded by this argument.

22 **V.    The Rule of Lenity Applies**

23 Defendant's final argument is that dismissal is proper under the rule of lenity. Mot.
24 at 29–30. Defendant argues that "[w]hen a criminal statute is ambiguous, the rule of lenity
25 requires courts to limit its reach 'to conduct clearly covered.'" *Id.* (citing *United States v.*
26 *Lanier*, 520 U.S. 259, 266 (1997)). Defendant contends that Plaintiff's "interpretation
27 would require stretching the Act's terms" such that "[t]he conduct alleged in the Complaint
28 is not 'clearly covered' by the Pen Register Act." *Id.* Plaintiff argues that "[t]he 'rule of

lenity only applies if, after considering text, structure, history, and purpose, there remains a grievous ambiguity or uncertainty in the statute.'" Opp'n at 21 (quoting *Riganian*, 791 F. Supp. 3d at 1094) (cleaned up).

The Court again follows other courts addressing similar arguments and finds that there is no ambiguity regarding the application of §§ 638.50 and 638.51 to these facts. *See, e.g., Lewis v. Magnite, Inc.*, No. 25-CV-3448-MWC-SSCx, 2025 WL 3687546, at *13 (C.D. Cal. Dec. 4, 2025) (finding the rule of lenity inapplicable); *Deivaprakash v. Conde Nast Digital*, 798 F. Supp. 3d 1100, 1107–08 (N.D. Cal. 2025) (same); *Riganian*, 791 F. Supp. 3d at 1094 ("[Defendant] has argued for a certain interpretation of Section 638.50(b), but it has not established that any 'grievous ambiguity' in the statute's express language."); *Fregosa*, 2025 WL 2886399, at *9 ("But as courts have recognized, the rule of lenity has little force in this context."); *Garon v. Keleops USA, Inc.*, No. 25-CV-2124-DMR, 2025 WL 2522374, at *6 (N.D. Cal. Sept. 2, 2025) (same); *Xu*, 2025 WL 3035015, at *4 ("The rule of lenity does not apply here because Defendant has not identified any 'egregious ambiguity' in the express language of Section 638.51."). Therefore, the rule of lenity is inapplicable. *See Reno v. Koray*, 515 U.S. 50, 64 (1995) ("A statute is not ambiguous for purposes of lenity merely because there is a division of judicial authority over its proper construction." (internal quotation marks and citations omitted)).

## CONCLUSION

For the reasons above, the Court **DENIES** Defendant's Motion to Dismiss Class Action Complaint ("Mot.," ECF No. 15).

**IT IS SO ORDERED.**

Dated: February 17, 2026

Hon. Janis L. Sammartino
United States District Judge