**McGuire Law, P.C.**
Eugene Y. Turin (State Bar No. 342413)
55 W. Wacker Dr., 9th Fl.
Chicago, IL 60601
Tel: (312) 893-7002
Fax: (312) 275-7895
eturin@mcgpc.com

*Counsel for Plaintiff and the Proposed Class*

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DOMINIQUE NELSON, individually and on behalf of similarly situated individuals,<br><br>Plaintiff,<br><br>v.<br><br>REDDIT, INC., a Delaware corporation<br><br>Defendant. | Case No. 3:25-cv-01470-JLS-AHG<br><br>[Removed from the Superior Court of the State of California for the County of San Diego, Case No. 25CU022609C]<br><br>**PLAINTIFF'S RESPONSE IN OPPOSITION TO DEFENDANT REDDIT, INC'S MOTION TO STAY PROCEEDINGS**<br><br>DATE: May 21, 2026<br>TIME: 1:30 p.m.<br>CTRM: 4D<br>JUDGE: Hon. Janis L. Sammartino<br><br>Complaint Filed: April 30, 2025<br>Action Removed: June 6, 2025 |

Plaintiff Dominique Nelson ("Plaintiff"), individually and on behalf of all similarly situated individuals, for his opposition to Defendant's Motion to Stay Proceedings (Dkt. 31) states as follows:

# I. ARGUMENT

Recognizing that it likely faces liability for the claims that this Court upheld in its order denying Defendant's Motion to Dismiss (Dkt. No.26), Defendant now seeks to simply stay the case pending decisions in two other appellate courts regarding whether Section 638.51 of CIPA should apply in the online context (*see Variety Media LLC v. Super. Ct.*, No. B350578 (Cal. Ct. App.) (the "*Variety Media* appeal")), and whether there is Article III standing in federal court for such claims (*Drummer v. CostStar Grp.*, No. 26-1652 (9th Cir.) (the *CoStar* appeal)). Defendant makes three separate arguments in support of a stay: 1) the outcome of the appeals will provide guidance as to the merits of Plaintiff's claims and the scope of discovery; 2) Defendant will suffer significant prejudice if a stay is not implemented; and 3) Plaintiff will not suffer any harm from a stay. While Defendant is correct as to one of the three above arguments, it fails to carry the day as to the remaining two.

## A. Judicial Economy Alone Does Not Justify A Stay.

Plaintiff concedes that a ruling in the *Variety Media* appeal would likely provide guidance as to the merits of Plaintiff's claims and may ultimately impact the scope and direction discovery should take. However, as Defendant itself concedes, it is unlikely that the *Variety Media* appeal will entirely resolve the action. That is, while the California Appellate Court will likely provide guidance as to how Section 638.51 should be applied in the context of online tracking technologies, the specifics of how any such ruling will be applied will still likely require discovery as to the underlying facts of how Defendant's tracking technology operated. Indeed, the situation here is nearly identical to courts presiding over cases under the Telephone Consumer Protection Act, 47 U.S.C. § 227 *et seq.* ("TCPA") where the U.S. Supreme Court had

taken up on appeal to resolve a nationwide circuit split over what technology qualified as an "automatic telephone dialing system" such that liability under the statute was triggered. *See Weisbein v. Allergan, Inc.*, No. 20-cv-0801, 2020 WL 6555051, at *1 (C.D. Cal. Nov. 6, 2020); *Roofian v. Cardenas Mktg. Network, Inc.*, No. 20-cv-1592, 2020 WL 8125661, at *1 (C.D. Cal. Nov. 13, 2020). As acknowledged by the courts in *Allergan* and *Cardenas*, while "the nature of discovery in this case may change in some ways" discovery will nonetheless likely be needed regarding the "existence and exact nature" of the tracking technology utilized by Defendant. *Id.* at *2 (quoting *Lacy v. Comcast Cable Commc'ns, LLC*, 2020 WL 4698646, *2 (W.D. Wash. 2020)).

Relatedly, Defendant's citation to the *CoStar* appeal as a basis for staying the case is perplexing as Defendant is the party that removed this case and thus bears the continued burden of proving that there is Article III jurisdiction. Dkt. No. 1; *See Abrego v. The Dow Chemical Co.*, 443 F.3d 676, 683 (9th Cir. 2006) ("In cases removed from state court, the removing defendant has 'always' borne the burden of establishing federal jurisdiction. . .") (internal citation omitted); *see also Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992) ("The 'strong presumption' against removal jurisdiction means that the defendant always has the burden of establishing that removal is proper") (citing *Nishimoto v. Federman-Bachrach & Assocs.*, 903 F.2d 709, 712 n. 3 (9th Cir. 1990)); *see also Penning v. MedicineNet, Inc.,* No. 25-CV-05992-JST, 2025 WL 2814586 (N.D. Cal. Oct. 3, 2025) (remanding case where the defendant argued after removing that there was no Article III standing). To the extent that Defendant has any doubts as to whether there is Article III standing over Plaintiff's claims then it should raise them forthwith and the Parties can undertake the necessary steps to have the case remanded. Moreover, to the extent that any decision in the *CoStar* appeal does necessitate remand, Defendant does not provide any explanation for why any discovery conducted by the Parties would not simply carry over into the state court proceeding

with the Parties stipulating to avoid any duplicative discovery following remand. Indeed, Plaintiff would readily enter into such an agreement.

Overall, while the *Variety Media* and *CoStar* appeals will ultimately inform this Court about the merits of Plaintiff's claims, they are unlikely to entirely dispose of the case and a stay pending either decision would not provide the judicial economy that Defendant proposes.

**B. Plaintiff Faces Significant Prejudice If A Stay Is Granted.**

Defendant summarily argues that Plaintiff does not face any prejudice because any stay would be "time-limited." (Mot. to Stay at 17.) However, Defendant fails to present any evidence as to the "time-limited" nature of the proposed stay. That is, it is entirely unknown when the appellate court in either case will ultimately issue its opinion. As the courts in the *Allergan* and *Cardenas* cases cited above noted, even though the Supreme Court had already set oral arguments for just a month away, the courts nonetheless noted that "it is speculative as to when the Supreme Court will reach a decision in the case, and the Ninth Circuit cautions against granting stays for such indefinite periods of time." *Allergan*, 2020 WL 6555051, at *2; *Cardenas*, 2020 WL 8125661, at *2 (quoting *Blue Cross and Blue Shield of Ala. v. Unity Outpatient Surgery Ctr., Inc.*, 490 F.3d 718, 724 (9th Cir. 2007) ("[L]engthy and indefinite stays place a plaintiff effectively out of court.... Even if litigation may eventually resume, such stays create a danger of denying justice by delay")).

Moreover, and more critically, beyond just being subject to an indefinite stay, Plaintiff faces the significant and real danger of having critical evidence to both the merits of his case and as to his class allegations deleted as "much of the relevant evidence . . . is in the hands of third-parties and subject to unknown data retention policies." *Allergan*, 2020 WL 6555051, at *1. Indeed, as Plaintiff alleges in his complaint, the tracking technology at issue here is provided by the third-party Live Ramp. (*See* Complaint, Dkt. No. 1-2, at ¶¶ 22–31.) As such, Live Ramp likely

possesses much of the information relevant to Plaintiff's claims, which, pending an indefinite stay, could very likely be destroyed by the time Plaintiff is finally allowed to proceed with discovery. Nor has Defendant made any representations as to its own data retention policies and whether any relevant information will remain in its possession once the stays are lifted.

In short, contrary to Defendant's cursory review, Plaintiff faces a significant and real prejudice if the proposed stay were to be put in place.

### C. Defendant Does Not Face Any Prejudice.

Contrary to the real and potentially case-ending prejudice that Plaintiff faces, the only prejudice that Defendant identifies from having to proceed with this case is that it will "bear the burden and expense of discovery." (Mot. to Stay at 16.) However, "Being required to defend a suit [], does not constitute a 'clear case of hardship or inequity' within the meaning of *Landis*." *Allergan*, 2020 WL 6555051, at *2; *Cardenas*, 2020 WL 8125661, at *2 (quoting *Dependable Highway Express, Inc. v. Navigators Ins. Co.*, 498 F.3d 1059, 1066 (9th Cir. 2007)). Indeed, to the extent that Defendant believes that any discovery served by Plaintiff is overbroad or not proportional pursuant to Fed. R. Civ. P. 26(b)(1), it is free to object on that basis and have Plaintiff prove the need for it, but Defendant cannot unilaterally use its duties as a party to this suit as a justification for staying the case in its entirety.

## II. CONCLUSION

Because Defendant seeks an indefinite stay that will clearly cause real and potentially permanent prejudice to the merits of Plaintiff's claims and does not present any clear hardship that it will suffer beyond that which is inherent to litigating a case that has already been found to be meritorious on the pleadings, the Court should deny Defendant's Motion to Stay and set an Initial Case Management Conference.[1]

[1] To the extent that the Court is inclined to grant Defendant's Motion on the basis of the purported hardship that Defendant would endure by having to proceed with discovery, Plaintiff respectfully requests that he be permitted limited leave to serve a

Dated: April 28, 2026

Respectfully Submitted,

By: /s/ *Eugene Y. Turin*
Eugene Y. Turin

**McGuire Law, P.C.**
Eugene Y. Turin (State Bar No. 342413)
55 W. Wacker Dr., 9th Fl.
Chicago, IL 60601
Tel: (312) 893-7002
Fax: (312) 275-7895
eturin@mcgpc.com

*Counsel for Plaintiff and the Proposed Class*

---

single third-party subpoena for production of documents on Live Ramp to: 1) produce its data retention policies, and 2) produce documents identifying categories of data that it maintains relating to individuals who have interacted with Defendant's website. Given that Live Ramp is a third-party, any such subpoena would not impose any burden on Defendant.