**PERKINS COIE LLP**
Nicola C. Menaldo
*pro hac vice*
Washington Bar No. 44459
NMenaldo@perkinscoie.com
1301 Second Avenue, Suite 4200
Seattle, WA 98101-3804
Telephone: 206.359.8000
Facsimile: 206.359.9000

Mikella M. Hurley
*pro hac vice*
New York Bar No. 5468145
MHurley@perkinscoie.com
700 13th Street, NW
Washington, DC 20005-3960
Telephone: 202.654.6200
Facsimile: 202.654.6211

Elliott J. Joh, Bar No. 264927
EJoh@perkinscoie.com
505 Howard Street, Ste 1000
San Francisco, CA 94105-3204
Telephone: 415.344.7000
Facsimile: 415.344.7050

Doris Alvarez-Reyes, Bar No. 340925
DAlvarezReyes@perkinscoie.com
1888 Century Park East, Suite 1700
Los Angeles, CA 90067-1721
Telephone: 310.788.9900
Facsimile: 310.788.3399

*Attorneys for Defendant Reddit, Inc.*

**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

DOMINIQUE NELSON, individually and on behalf of similarly situated individuals,

Plaintiff,

v.

REDDIT, INC., a Delaware corporation,

Defendant.

Case No. 3:25-cv-01470-JLS-AHG

**DEFENDANT REDDIT, INC.'S REPLY IN SUPPORT OF ITS MOTION TO STAY PROCEEDINGS**

Date: May 21, 2026
Time: 1:30 p.m.
Ctrm: 4D
Judge: Hon. Janis L. Sammartino

Complaint Filed: April 30, 2025
Action Removed: June 6, 2025

## I. INTRODUCTION

Plaintiff's opposition to Reddit's motion to stay is largely a concession dressed as resistance. Plaintiff acknowledges that the *Variety Media* appeal "will provide guidance as to the merits of Plaintiff's claims and the scope of discovery" in this case. (Opp. at 1.) That admission is dispositive of the stay analysis. *See Landis v. N. Am. Co*., 299 U.S. 248, 254–55 (1936); *CMAX, Inc. v. Hall*, 300 F.2d 265, 268 (9th Cir. 1962). If the Court of Appeal determines that the California Pen Register Act does not apply to standard website analytics and tracking technologies—the precise question for appellate review in *Variety Media*—then Plaintiff's sole claim under Penal Code § 638.51 will be subject to dismissal, and every hour of discovery conducted in the interim will have been wasted. Plaintiff offers no persuasive reason to force the parties and this Court to expend substantial resources litigating a claim that may not survive the next several months.

Plaintiff's remaining arguments fare no better. His authorities are either materially distinguishable or affirmatively support Reddit's position. Plaintiff's spoliation concerns are entirely speculative and unsupported by any evidence. And his refusal to stipulate to a stay places him as an outlier among pen register plaintiffs; at least seven other parties in functionally identical cases have voluntarily agreed that *Variety Media* warrants a pause. Reddit respectfully submits that the *Landis* factors weigh decisively in favor of a temporary, time-limited stay. *See Delapaz v. Bank of Am*., N.A., No. 21CV1660-GPC(MSB), 2025 WL 1115029, at *2–3 (S.D. Cal. Apr. 15, 2025). The Court should grant the motion.

## II. ARGUMENT

### a. Plaintiff's Concession That *Variety Media* Will Shape This Case Validates a Stay.

Plaintiff does not dispute that the California Court of Appeal's forthcoming decision in *Variety Media* will "provide guidance as to the merits of Plaintiff's claims" and will "impact the scope and direction discovery should take." (Opp. at 1.)

That concession is critical, and goes further than what is required under *Landis*. A stay is warranted whenever a pending appeal is "likely to decide or contribute to the issues before the court." *Delapaz v. Bank of Am., N.A.*, 2025 WL 1115029, at *2–3. Here, by Plaintiff's own admission, the *Variety Media* appeal will do exactly that.

Plaintiff attempts to minimize this concession by arguing that *Variety Media* is "unlikely to entirely dispose of the case" and that "discovery as to the underlying facts of how Defendant's tracking technology operated" will still be necessary. (Opp. at 1, 3.) Reddit disagrees. As explained below, *Variety Media* will decide whether the pen register statute is limited to telephonic technology. Pet. for Writ of Mandate at 20, 33-37, *Variety Media, LLC v. Super. Ct.*, No. B350578 (Cal. Ct. App. 2d Dist. Nov. 21, 2025). It is undisputed that the LiveRamp technology at issue here is not telephone based, so it is entirely possible that *Variety Media's* outcome will be dispositive of the outcome in this case. But, even if it is not, a stay need not be predicated on the complete disposition of a case; it is warranted whenever a pending appeal is "likely to decide or contribute to the issues before the court." *Delapaz*, 2025 WL 1115029, at *2–3. This Court has repeatedly stayed proceedings where a forthcoming appellate decision "could be dispositive" of the outcome, even without certainty that it will be. *Ludlow v. Flowers Foods, Inc.*, No. 18-CV-1190 JLS (JLB), 2020 WL 773253, at *3 (S.D. Cal. Feb. 18, 2020) (Sammartino, J.). Even on Plaintiff's own framing, *Variety Media* will "provide guidance" on the merits and discovery. That is more than sufficient.

Discovery cannot meaningfully proceed in parallel because the pending appeals will determine what discovery is even relevant. As Reddit explained in its opening brief, *Variety Media* may clarify threshold requirements for stating a pen register claim, including whether a plaintiff must demonstrate that the third party both collected and used the visitor's IP address to conclusively determine his identity. (Mot. to Stay at 13–14, ECF No. 31.) Such a requirement would fundamentally

redirect discovery toward third-party LiveRamp and render any discovery conducted in the interim duplicative or futile. Proceeding now "could very well lead to inefficiencies and a waste of resources for both the parties and the Court." *Ludlow*, 2020 WL 773253, at *3 (quoting *Henry v. Cent. Freight Lines, Inc*., No. 16-CV-00280-JAM-EFB, 2019 WL 5960140, at *5 (E.D. Cal. Nov. 13, 2019)). When the law governing Plaintiff's sole claim "is in a state of flux," it is "irrational to proceed" before that law has been clarified. *In re Taco Bell Wage & Hour Actions*, No. 1:07-CV-01314, 2011 WL 3846727, at *3 (E.D. Cal. Aug. 30, 2011).

**b. The TCPA Analogy Is Misplaced Because *Variety Media* Could Eliminate the Entire Statutory Scheme.**

Plaintiff draws a strained analogy to TCPA cases in which courts denied stays pending the Supreme Court's decision in *Facebook, Inc. v. Duguid*, 141 S. Ct. 1163 (2021). (Opp. at 2–3.) But the analogy fails because *Duguid* and *Variety Media* present fundamentally different questions with fundamentally different consequences.

*Duguid* addressed a narrow circuit split over the statutory definition of "automatic telephone dialing system" ("ATDS") under the TCPA, specifically whether "the phrase 'using a random or sequential number generator' modif[ied] the verb 'store' or 'produce,' or both." *Lacy v. Comcast Cable Commc'ns, LLC*, No. 3:19-cv-05007, 2020 WL 4698646, at *1 (W.D. Wash. Aug. 13, 2020). Whatever the Supreme Court decided, the TCPA itself would remain intact; only the scope of one element of one provision would change. Indeed, in the TCPA stay cases Plaintiff cites, courts noted that discovery would need to proceed "regarding . . . the existence and exact nature of any ATDS used" as well as "whether [defendant] called [plaintiff] and other potential class members using a pre-recorded voice." *Id*. at *2. The TCPA plaintiffs had multiple theories of liability that would survive regardless of *Duguid's* outcome.

*Variety Media* poses a far more fundamental question: whether Section 638.51 applies to commonplace website tracking technologies at all. The petitioner in *Variety Media* argues that "Section 638.51's text, structure, and history . . . preclude[] its application to online, non-telephonic data collection," and that the statute's pen register provisions were designed to govern telephonic surveillance, not standard website analytics. Pet. for Writ of Mandate at 20, 32, *Variety Media, LLC v. Super. Ct.*, No. B350578 (Cal. Ct. App. Nov. 21, 2025). If the Court of Appeal agrees, it would not merely narrow the scope of discovery or redefine a single statutory term; it would eliminate the statutory predicate for every pen register claim premised on website-based tracking, including Plaintiff's sole claim here. That is precisely why parties in at least seven other pen register cases, represented by a variety of counsel on both sides, have voluntarily stipulated to stays pending the *Variety Media* appeal. *See, e.g., Fregosa v. Mashable, Inc.*, No. 25-CV-01094-CRB (N.D. Cal. Feb. 19, 2026) (order granting stipulated stay); *Young v. People, Inc.*, No. 4:25-cv-09588-JST (N.D. Cal. Jan. 27, 2026); *Deivaprakash v. Condé Nast Digital*, No. 3:25-cv-04021-RFL (N.D. Cal. Feb. 25, 2026); *Maketa v. Valnet Inc.*, No. 3:25-cv-05517-RS (N.D. Cal. Mar. 4, 2026); *Glass v. CarMax, Inc.*, No. 2:25-cv-09975-SRM-MAA (C.D. Cal. Mar. 5, 2026); *Silvey v. VF Outdoor, LLC*, No. 8:26-cv-399 FWS (KESx) (C.D. Cal. Mar. 11, 2026); *Nguyen v. Macys.com, LLC*, No. 5:25-cv-07096-PCP (N.D. Cal. Mar. 18, 2026); *Orr v. Sunoco LP*, No. 3:25-cv-03036-S (N.D. Tex. Mar. 26, 2026).

**c. Standing Under *CoStar* Is Properly Raised Now.**

Plaintiff calls Reddit's reliance on *CoStar*[1] "perplexing" because Reddit removed this case and therefore "bears the continued burden of proving that there is Article III jurisdiction." (Opp. at 2.) Plaintiff cites *Abrego Abrego v. Dow Chem. Co.*, 443 F.3d 676, 683 (9th Cir. 2006*), Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir.

[1] *Drummer v. CoStar Group*, No. 5:25-cv-01047-JGB-SP, 2026 WL 712922 (C.D. Cal. Feb. 13, 2026), *appeal certified and docketed*, No. 26-1652 (9th Cir. Mar. 19, 2026).

1992), *Nishimoto v. Federman-Bachrach & Assocs.*, 903 F.2d 709, 712 n.3 (9th Cir. 1990), and *Penning v. MedicineNet, Inc.*, No. 25-CV-05992-JST, 2025 WL 2814586 (N.D. Cal. Oct. 3, 2025). (Opp. at 3.) The argument conflates two distinct concepts: the burden of establishing removal jurisdiction and the propriety of a stay under *Landis v. North American Co.*, 299 U.S. at 254–55. Reddit does not dispute that a removing defendant bears the burden of establishing federal jurisdiction, but none of these authorities addresses the *Landis* factors. *See Abrego*, 443 F.3d at 683–84 (addressing whether CAFA shifted the burden of proof on removal); *Gaus*, 980 F.2d at 566 (addressing the amount-in-controversy burden); *Nishimoto*, 903 F.2d at 712 n.3 (addressing the presumption against removal jurisdiction). And *Penning* involved a defendant, WebMD, that moved to dismiss for lack of Article III standing seven days after removing the case, prompting the court to find that WebMD had "tried to have it both ways by asserting, then immediately disavowing, federal jurisdiction." *Penning*, 2025 WL 2814586, at *3 (quoting *Mocek v. Allsaints USA Ltd.*, 220 F. Supp. 3d 910, 914 (N.D. Ill. 2016)). Reddit has done no such thing. Reddit removed this case nearly a year ago, and while it has filed a motion to dismiss, that motion did not raise lack of Article III standing. Reddit has never argued that this Court lacks subject-matter jurisdiction.

To be clear, Reddit is not arguing (and has not previously argued) that Plaintiff lacks Article III standing. Rather, Reddit's position is that this matter should be stayed because the Ninth Circuit's decision in *CoStar* may establish, as a matter of binding appellate law, that allegations of the type at issue here (*i.e.*, the capture and transmission of IP addresses by commonplace website tools) are insufficient to confer Article III standing. The district court in *CoStar* found a "substantial ground for difference of opinion" on this very question and concluded that appellate resolution would "materially advance the litigation" not only in that case but "across the many other cases" pending on the same issue. *CoStar*, 2026 WL 712922, at *2–

3. This case is one of those "many other cases." If the Ninth Circuit determines that pen register claims based on IP address collection do not satisfy Article III, this case will be dismissed regardless of its state-law merits. That possibility, combined with the Ninth Circuit's concrete briefing timeline (completion by July 2026), independently supports a stay.

**d. The Spoliation Argument Is Speculative and Belied by Plaintiff's Own Conduct.**

Plaintiff contends that a stay poses "the significant and real danger of having critical evidence . . . deleted" because "Live Ramp likely possesses much of the information relevant to Plaintiff's claims." (Opp. at 3–4.) This argument is entirely speculative. Plaintiff cites no evidence that LiveRamp plans to destroy any data. Plaintiff identifies no specific data retention policy, no impending deletion deadline, and no communication from LiveRamp suggesting that relevant data is at risk. The argument rests on nothing more than the bare assertion that third-party data "could very likely be destroyed." (Opp. at 4.)

Critically, Plaintiff's spoliation argument is directed not at Reddit, but at LiveRamp, a non-party to this litigation over whose data retention policies Reddit has no control. If Plaintiff genuinely believed that LiveRamp's data was in jeopardy, the appropriate remedy would be a litigation hold letter or a preservation subpoena directed at LiveRamp, not opposition to a stay. Plaintiff has had the ability to serve discovery on LiveRamp since discovery opened, yet concedes that he has not done so. (Opp. at 4–5 & n.1.) Plaintiff's own inaction belies any claim of urgency. Moreover, any suggestion that LiveRamp might destroy relevant data ignores the reality that LiveRamp is itself a defendant in ongoing CIPA litigation and is likely subject to independent preservation obligations in those proceedings. As the court observed in *Sealey v. Chase Bank (U.S.A.), N.A.*, the risk of evidence dissipation is minimal where the defendant is "now aware of its obligations and should have

already instituted a litigation hold to preserve documents that may be relevant to this litigation." No. 19-cv-07710-JST, 2020 WL 5814108, at *2 (N.D. Cal. Sept. 29, 2020) (quoting *Canady v. Bridgecrest Acceptance Corp*., No. CV-19-04738-PHX-DWL, 2020 WL 5249263, at *3–4 (D. Ariz. Sept. 3, 2020)).

Furthermore, the stay Reddit requests is time-limited. Briefing in *Variety Media* will be complete by June 2026[2], and briefing in *CoStar* will be complete by July 2026. This is not the "indefinite" stay that the Ninth Circuit has cautioned against. *See Wilson v. Rater8, LLC*, No. 20-CV-1515-DMS-LL, 2021 WL 347306, at *2 (S.D. Cal. Feb. 2, 2021) (finding "the risk of prejudice to Plaintiff [from a stay] is minimal [because] the duration of the stay requested by Defendants is reasonably determinate").

**e. The Hardship From Proceeding Outweighs Any Prejudice From a Stay.**

Plaintiff downplays Reddit's showing of hardship by arguing that "[b]eing required to defend a suit . . . does not constitute a 'clear case of hardship or inequity' within the meaning of *Landis*." (Opp. at 4.) But Reddit's hardship argument is ***not*** that it must defend a lawsuit; instead, it is that proceeding now, before the pending appeals are resolved, would require both parties and this Court to expend significant resources on discovery, expert retention, class certification briefing, and potentially dispositive motions that may prove entirely unnecessary. This Court has consistently recognized this form of hardship as sufficient to support a stay. *See Abikar v. Bristol* Bay Native Corp., No. 18-CV-1700 JLS (AGS), 2020 WL 1287729, at *3 (S.D. Cal. Mar. 18, 2020) (Sammartino, J.) (finding it "would be burdensome for both parties to spend time, energy, and resources on pretrial and discovery issues when this case may largely be resolved" by developments in a separate matter) (cleaned up).

---

[2] In *Variety Media*, the Court issued a letter on May 11, 2026 requesting supplemental briefs by June 5, 2026, with optional reply briefs due by June 15, 2026.

The burden is particularly acute here. Plaintiff's claims involve complex tracking technology, are styled as a class action, and will require the retention and engagement of technical experts if the case proceeds. All of these efforts "will require substantial effort on the part of all concerned" and "may well be unnecessary depending on the . . . ultimate decision[s]" in *Variety Media* and *CoStar*. *Nguyen v. Marketsource, Inc.*, No. 17-cv-02063-AJB-JLB, 2018 WL 2182633, at *6 (S.D. Cal. May 11, 2018).

**f. Plaintiff's Remaining Authorities Support a Stay.**

Plaintiff's other cited cases either involved indefinite stays or multiple claims. Neither circumstance is present here.

**i. The TCPA Stay Cases (*Allergan*, *Cardenas*, *Lacy*) Are Distinguishable.**

Plaintiff relies heavily on *Weisbein v. Allergan, Inc.*, No. 20-cv-0801, 2020 WL 6555051 (C.D. Cal. Nov. 6, 2020), and *Roofian v. Cardenas Marketing Network, Inc.*, No. 20-cv-1592, 2020 WL 8125661 (C.D. Cal. Nov. 13, 2020), both of which denied stays pending *Duguid*. (Opp. at 2–3.) But those cases are distinguishable in two critical respects. First, the stays in *Allergan* and *Cardenas* were indefinite; the Supreme Court had not yet even set a decision date, and both courts emphasized that "it is speculative as to when the Supreme Court will reach a decision in the case." *Allergan*, 2020 WL 6555051, at *2; *Roofian*, 2020 WL 8125661, at *2. Reddit, by contrast, seeks a time-limited stay with concrete endpoints: briefing in *Variety Media* will be complete by June 2026, and briefing in *CoStar* will be complete by July 2026.

Second, the TCPA claims in *Allergan* and *Cardenas* rested on multiple theories of liability, including the use of prerecorded voices, such that discovery would have been necessary "regardless of *Duguid's* outcome." *Allergan*, 2020 WL 6555051, at *2; *Roofian*, 2020 WL 8125661, at *2. Here, Plaintiff asserts a single

claim under Section 638.51, and *Variety Media* may eliminate the entire statutory basis for that claim.

Notably, Plaintiff ignores *Sealey v. Chase Bank (U.S.A.), N.A.*, 2020 WL 5814108 (N.D. Cal. Sept. 29, 2020), which granted a stay pending *Duguid* on facts closely analogous to those here. The *Sealey* court distinguished decisions denying stays in other TCPA cases, including *Lacy*, on the ground that the case "either held that *Duguid* would not significantly impact the outcome of the proceedings or have involved issues that would require discovery regardless of *Duguid's* outcome." 2020 WL 5814108, at *2. The *Sealey* court found that where, as here, the plaintiff asserts a single statutory claim and the pending appeal "addresses the central question at issue," a stay is appropriate. *Id*. at *2. Because the Supreme Court "will resolve [the appeal] in its next term, and the stay will have a finite duration," the court concluded that "the potential damage of the stay is minimized." *Id*. The same reasoning applies with equal force here.

**ii. *Dependable Highway* Supports a Time-Limited Stay.**

Plaintiff cites *Dependable Highway Express, Inc. v. Navigators Insurance Co.*, 498 F.3d 1059, 1066 (9th Cir. 2007), for the proposition that being "required to defend a suit . . . does not constitute a 'clear case of hardship or inequity' within the meaning of *Landis*." (Opp. at 5.) But *Dependable Highway* reversed a stay that was indefinite in the most extreme sense; the stay had no deadline, nearly two years had passed without any arbitration proceedings even commencing, and the court found "no indication that [the stay] … would last only for a reasonable time." *Id*. at 1067. The Ninth Circuit's holding in *Dependable Highway* actually supports Reddit's position, because the court faulted the absence of a reasonable time limit, not the concept of a stay itself. Here, the requested stay is tethered to appellate briefing schedules that are nearly complete.

**iii. Stipulated Stays in Identical Cases Confirm the Appropriateness of a Stay.**

The most telling indicator of the appropriateness of a stay is the conduct of the litigants in materially identical cases. Parties in at least seven other pen register cases, involving multiple plaintiffs' and defendants' counsel, have voluntarily stipulated to stays pending the *Variety Media* appeal. These stipulations reflect a shared recognition that "the *Variety Appeal* will either dispose of or streamline the issues in this case." For example, in *Fregosa v. Mashable*, the stipulation recognized that "the issues raised in the *Variety Appeal* are dispositive as to whether Plaintiff can bring [pen register] claims" in that case. ECF 82, Order at 3, No. 25-CV-01094-CRB (N.D. Cal. Feb. 19, 2026) (order granting stipulated stay). Likewise, in *Silvey v. VF Outdoor*, the parties agreed that "the issues raised in the *Variety Appeal* could significantly impact Plaintiff's Cal. Penal Code § 638.51 claim." ECF 13, Stipulation to Stay Case Pending Ruling from California Court of Appeal at 3, No. 8:26-cv-399 FWS (KESx) (C.D. Cal. Mar. 11, 2026). And in *Young v. People, Inc*., the parties stipulated because "the *Variety Appeal* will either dispose of or streamline the issues in this case." ECF 15, Stipulation to Stay Case Pending Ruling from California Court of Appeal at 2, No. 4:25-cv-09588-JST (N.D. Cal. Jan. 27, 2026). Plaintiff's refusal to join this consensus makes him an outlier.

## III. CONCLUSION

For the reasons set forth above and in Reddit's opening brief, the Court should stay proceedings in this case until the California Court of Appeal issues its writ decision in *Variety Media* and the Ninth Circuit adjudicates the interlocutory appeal in *CoStar*.

Dated: May 14, 2026

**PERKINS COIE LLP**

By: /s/ *Nicola C. Menaldo*
Nicola C. Menaldo, Bar No. 44459
NMenaldo@perkinscoie.com

*Attorneys for Defendant Reddit, Inc.*