UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DOMINIQUE NELSON, individually and on behalf of similarly situated individuals,<br>Plaintiff,<br>v.<br>REDDIT, INC., a Delaware corporation,<br>Defendant. | Case No.: 25-CV-1470 JLS (AHG)<br>**ORDER: (1) GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION TO STAY PROCEEDINGS AND (2) GRANTING DEFENDANT'S REQUEST FOR JUDICIAL NOTICE**<br>(ECF Nos. 31, 31-1) |

Presently before the Court is Defendant's Motion to Stay ("Mot.," ECF No. 31) and supporting Request for Judicial Notice ("RJN," ECF No. 31-1). Also before the Court are Plaintiff's Response in Opposition to ("Opp'n," ECF No. 34) and Defendant's Reply in Support of the Motion ("Reply," ECF No. 36). The Court took these matters under submission without oral argument pursuant to Civil Local Rules 7.1(d)(1). After reviewing the Parties' arguments and the law, the Court **GRANTS IN PART AND DENIES IN PART** Defendant's Motion to Stay and **GRANTS** Defendant's RJN.

/ / /

/ / /

## BACKGROUND

The factual background is well known to the Parties and the Court; accordingly, the Court does not repeat it here in full but rather incorporates by reference the factual background as detailed in the Court's February 17, 2026, Order. *See* ECF No. 26 (the "Order") at 2–4.

In summary, Plaintiff's claims stem from the California Invasion of Privacy Act ("CIPA"), specifically the Pen Register Act. Cal. Penal Code § 638.51. Plaintiff alleges the installation of a LiveRamp tracker on a user's browser qualifies as using a pen register. Compl., ECF No. 1, Ex. A, at ¶ 21. Plaintiff sued in state court under § 637.2(a)(1), which allows individuals to bring an action against any violator of CIPA provisions. *Id.* at ¶ 16,63.

It is unsettled whether Section 638.51 applies to online tracking technologies. *Compare, e.g., Fregosa v. Mashable, Inc.*, No. 25-cv-01094-CRM, 2025 WL 2886399, at *6 (N.D. Cal. Oct. 9, 2025) *with Rodriguez v. Plivo*, No. 24STCV08972, 2024 WL 5184413, at *2 (Cal. Super. Ct. Oct. 2, 2024). In fact, after this litigation commenced, appellate proceedings on this issue began in *Variety Media, LLC v. The Superior Court of Los Angeles County*. *See* RJN, ECF No. 31, Ex. A (Pet. for Writ. Of Mandate, *Variety Media LLC v. Cal. Super. Ct.*, No. B350578 (Cal. Ct. App. Nov. 21, 2025). There, the California Court of Appeal will squarely address if Section 638.51 applies to online tracking technologies. Mot. at 15.

Additionally, the Ninth Circuit accepted an appeal in *Drummer v. CoStar Grp.* to determine if the transmission of IP addresses to third parties constitutes an injury sufficient for Article III standing. 5:25-cv-01047-JGB-SP, 2026 WL 712922, at *1 (C.D. Cal. Feb. 13, 2026); RJN, ECF No. 31, Ex. H (*CoStar*, *appeal certified and docketed*, No. 26-1652 (9th Cir. Mar. 18, 2026), Dkt. No. 3). On June 22, 2026, the Ninth Circuit stayed the appellate proceedings until resolution of *Variety Media*. Order, *Drummer v. CoStar*, No. 26-1652 (9th Cir. Jun. 22, 2026), Dkt. No. 29.

On April 14, 2026, Defendant filed the present Motion seeking a stay of the proceedings pending the resolution of the two lawsuits. *See* Mot. Plaintiff opposes such a stay. *See* Opp'n.

**DEFENDANT'S REQUEST FOR JUDICIAL NOTICE**

As an initial matter, in support of his Motion, Defendant requests judicial notice of various public records filed on the dockets of the California Court of Appeal, California Superior Court, Central District of California, and Ninth Circuit. *See generally* RJN. "Judicial notice under Rule 201 permits a court to notice an adjudicative fact if it is 'not subject to reasonable dispute.'" *Khoja v. Orexigen Therapeutics, Inc.*, 899 F.3d 988, 999 (9th Cir. 2018) (quoting Fed. R. Evid. 201(b)), *cert. denied*, 139 S. Ct. 2615 (2019). "A fact is 'not subject to reasonable dispute' if it is 'generally known,' or 'can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned.'" *Id.* (quoting Fed. R. Evid. 201(b)(1)–(2)). "Accordingly, '[a] court may take judicial notice of matters of public record.'" *Id.* (alteration in original) (quoting *Lee v. City of Los Angeles*, 250 F.3d 668, 689 (9th Cir. 2001)). "But a court cannot take judicial notice of disputed facts contained in such public records." *Id.* (quoting *Lee*, 250 F.3d at 689).

Because "filings and orders in other court proceedings[] are judicially noticeable for certain purposes, such as to demonstrate the existence of other court proceedings," *Missud v. Nevada*, 861 F. Supp. 2d 1044, 1054 (N.D. Cal. 2012) (citing Fed. R. Evid. 201), *aff'd*, 520 F. App'x 534 (9th Cir. 2013), the Court finds it appropriate to judicially notice the existence of public records from the California Court of Appeal, California Superior Court, Central District of California, and Ninth Circuit, particularly given that Plaintiffs do not oppose Defendant's request. Accordingly, the Court **GRANTS** Defendant's Request for Judicial Notice.

**DEFENDANT'S MOTION TO STAY PROCEEDINGS**

**I. Legal Standard**

"[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for

itself, for counsel, and for litigants." *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936). In the interests of judicial economy, a court may grant a stay pending the outcome of other legal proceedings related to the case. *Leyva v. Certified Grocers of Cal., Ltd.*, 593 F.2d 857, 863–64 (9th Cir. 1979). When determining whether to stay an action, a court must weigh competing interests that the grant or denial of a stay will affect, including: (1) "the possible damage which may result from the granting of a stay;" (2) "the hardship or inequity which a party may suffer in being required to go forward;" and (3) "the orderly course of justice measured in terms of the simplifying or complicating of issues, proof, and questions of law which could be expected to result from a stay." *CMAX, Inc. v. Hall*, 300 F.2d 265, 268 (9th Cir. 1962) (citing *Landis*, 299 U.S. at 254–55). "If there is even a fair possibility that the stay for which [the movant] prays for will work damage to someone else," the movant "must make out a clear case of hardship or inequity in being required to go forward." *Id.* (quoting *Landis*, 299 U.S. at 255). "The proponent of a stay bears the burden of establishing its need." *Clinton v. Jones*, 520 U.S. 681, 708 (1997) (citing *Landis*, 299 U.S. at 255).

**II. Analysis**

Defendant asks this Court to stay proceedings until the California Court of Appeal determines if § 638.51 applies to online technology or if it is limited to telephonic technology. Mot. at 9; Opp'n at 2. Plaintiff concedes the decision in *Variety Media* will likely provide guidance as to the merits of claims and the scope of discovery but argues a decision for the petitioner would still require the Parties to conduct discovery as to the underlying facts of Defendant's tracking technology. Opp'n at 1–2.

Defendant further argues proceedings should be stayed pending the Ninth Circuit determination on whether pen register claims based on IP address collection alone—without further harm—satisfies Article III standing. Reply at 7. Plaintiff argues a stay is not justified because Defendant bears the burden of proving Article III standing on a case removed from state court. Opp'n at 3.

/ / /

### *A. The Balance of Hardship or Inequity Between Plaintiffs and Defendants*

First, the Court must balance the "possible damage [to Plaintiffs] which may result from the granting of a stay," with "the hardship or inequity which [Defendants] may suffer in being required to go forward." *CMAX*, 300 F.2d at 268. In this case, the hardships presented by each proceeding differ.

Plaintiff contends he will face "significant and real prejudice" if the Court issues a stay. Opp'n at 4–5. Plaintiff first contends the stay is effectively indefinite because "it is entirely unknown when the appellate court in either case will ultimately issue its opinion." *Id.* With regards to *Variety Media*, the Court finds that because the California Court of Appeal has accepted the petition and heard oral argument, any wait for an answer to this question would be neither indefinite nor unreasonable. *See Burnell v. Swift Transportation Co.*, No. EDCV 10-000809 VAP (OPX), 2011 WL 13352810, at *5 (C.D. Cal. Jan. 20, 2011) (finding a stay pending a California Supreme Court decision not yet scheduled for oral argument was not indefinite).

But in *CoStar*, the balance shifts. Here, the Ninth Circuit has already stayed the proceedings pending a resolution in *Variety Media*. *See* Order, *CoStar*, No. 26-1652 (9th Cir. Jun. 22, 2026), Dkt. No. 29. The Court finds Plaintiff's concerns regarding indefiniteness more compelling when the present stay is dependent on proceedings that are themselves stayed. Stays generally should not be indefinite and should not be granted unless it is likely the other proceeding will be concluded within a reasonable time. *Dependable Highway Exp., Inc. v. Navigators Ins. Co.*, 498 F.3d 1059, 1066 (9th Cir. 2007). It is true the Ninth Circuit proceedings depend on the same lawsuit contemplated in the present motion. But the Court finds a stay pending a stay is too attenuated.[1] A stay pending the decision in *CoStar* would be unreasonably indefinite.

/ / /

---

[1] Further, the Ninth Circuit schedule is dependent on additional considerations that may or may not be applicable here. See Status Report, *CoStar*, No. 26-1652 (9th Cir. Sept. 10, 2026), Dkt. No. 30 (raising an amendment to the California Invasion of Privacy Act that potentially impacts the appeal).

Plaintiff also argues a stay would present the danger of having critical evidence deleted. Opp'n at 3. While the Court understands Plaintiff's fear, he presents no evidence this fear will materialize. To the extent Plaintiff argues spoilation by Defendant, the Court finds the risk small since Defendant is "aware of its obligations and should have already instituted a litigation hold to preserve documents that may be relevant to this litigation." *Sealey v. Chase Bank (U.S.A.), N.A.*, No. 19-cv-07710-JST, 2020 WL 5814108, at *2 (N.D. Cal. Sept. 29, 2020) (quoting *Canady v. Bridgecrest Acceptance Corp.*, No. CV-19-04738-PHX-DWL, 2020 WL 5249263, at *3–4 (D. Ariz. Sept. 3, 2020)). As always, the Court expects all parties to abide by their obligation to preserve information in their possession, custody, or control that may be relevant to Plaintiff's claims and Defendant's defenses.

However, Plaintiff raises legitimate concerns that much of the relevant information is held by third parties—such as LiveRamp—and could be destroyed. Opp'n at 4. To alleviate this potential, Defendant suggests that Plaintiff send preservation letters to third parties at issue. *See* Reply at 7. If Plaintiff does not believe doing so will resolve the issue of third-party evidentiary preservation, the Court permits Plaintiffs to seek a limited modification of the stay order to allow Plaintiffs to issue subpoenas to the third parties. *See Washington v. Trump*, No. C17-0141JLP, 2017 WL 2172020, at *4 (W.D. Wash. May 17, 2017).

Turning to the potential prejudice from proceeding without a stay, Defendant contends moving forward without a clear answer on either the applicability of the Pen Register Act to online technology or the sufficiency of injury could "lead to inefficiencies and a waste of resources for both the parties and the Court." Reply at 4 (quoting *Ludlow v. Flowers Foods, Inc.*, No. 18-CV-1190 JLS (JLB), 2020 WL 773253, at *3 (S.D. Cal. Feb. 18, 2020). The Court agrees the outcome in *Variety Media* will not just dictate the scope of discovery but may eliminate the claim at issue. Reply at 5; *cf. Weisbein v. Allergan, Inc.*, 2020 WL 6555051, at *2 (C.D. Cal. Nov. 6, 2020) (denying the stay because "although the nature of discovery . . . may change in some ways . . ., the court is unconvinced the entire action should be stayed for that reason alone"). Conducting

discovery without a clear answer would cause unnecessary work for the Parties, amounting to a hardship in this case.

However, the issue presented in *CoStar* is less crucial to Plaintiff's claims. Although Defendant rightly states there is "substantial ground for difference of opinion" on the sufficiency of injury, Mot. at 18, resolution does not alter the underlying state law claims and does not raise the same likelihood of inefficiency and wasted resources. *See* Reply at 3.

Having weighed the Parties potential hardships, the Court finds Plaintiff has not shown a "fair possibility" that a stay pending resolution in *Variety Media* will cause prejudice, while Defendant has made a "clear case of hardship" absent a stay. *See CMAX*, 300 F.2d at 268. However, Plaintiff has shown a "fair possibility" that a stay pending resolution in *CoStar* will cause prejudice, while Defendant has not made a "clear case of hardship" absent a stay. *See id.*

***B. The Orderly Course of Justice***

Next, the Court must consider "the orderly course of justice measured in terms of the simplifying or complicating of issues, proof, and questions of law which could be expected to result from a stay." *Id.* When state proceedings will "simplify many of the issues before the Court due to the overlapping nature of the claims," this factor weighs in favor of a stay. *Sanchez v. Green Messengers, Inc.*, 666 F. Supp. 3d 1047, 1054 (N.D. Cal. 2023). However, a stay is inappropriate when the other proceeding is "unlikely to decide, or to contribute to the decision of, the factual and legal issues before the district court." *Lockyer v. Mirant Corp.*, 398 F.3d 1098, 1113 (9th Cir. 2005).

Defendant contends waiting for the appellate decision at the heart of *Variety Media* would clarify issues, proof, and questions of law central to this case. Mot. at 20. According to Defendant, the viability of Plaintiff's claim depends on this decision. *Id.* Further, even if the decision is not dispositive, "[its] holdings and reasoning may significantly impact the strength of the parties' arguments and the scope and direction of discovery, all of which warrant a stay." *Id.* at 22. Plaintiff disagrees. He argues the specifics of the *Variety Media*

ruling will likely require discovery to the underlying facts of the operative technology—discovery that could be conducted while the ruling is pending. Opp'n at 2.

On the facts of this case, the Court finds that "the prospect of narrowing the factual and legal issues . . . justifies a stay" pending the decision in *Variety Media*. *Cf. Lockyer*, 398 F.3d at 1112. Although it is not certain the decision will settle every question of fact and law, staying the litigation until the question of applicability for online technology is decided will further the orderly course of justice, promote judicial economy, and avoid the waste of judicial and party resources.

Finally, Defendant contends the decision in *CoStar* may confirm Plaintiff lacks Article III standing to continue the present case. Mot. at 9. Plaintiff argues even if the Ninth Circuit rules this way, discovery will not be duplicative since it would be carried over into the state court proceeding. *Id.* at 3–4. On the whole, this issue does not have the same effect on the orderly course of justice as the issue at the heart of *Variety Media*. A ruling from the Ninth Circuit would not alter Plaintiff's underlying state law claim. As stated by Plaintiff, the danger of wasted time and effort is less when compared to *Variety Media*. Resp. at 2–3.

The Court finds this factor supports a stay pending resolution in *Variety Media* because the decision in *Variety Media* will simplify the issues to be decided by the Court in this litigation. However, the Court finds this factor does not support a stay pending resolution in *CoStar*.

### *C. The Overall Balance Favors Granting the Stay*

After considering each of the required factors, the Court finds that a stay pending the decision in *Variety Media* is appropriate because the "weighing of the hardships favors the granting of a stay" and "it will serve the interests of judicial economy by allowing for development of . . . [a potentially dispositive] legal issue[]." *See Cal. Trout, Inc. v. U.S. Bureau of Reclamation*, 115 F. Supp. 3d 1102, 1117 (C.D. Cal. 2015).

Granting a stay when *Variety Media* is dispositive of all claims is consistent with the approach taken by other federal courts. *See, e.g.*, *Camplisson v. Adidas America, Inc.*, No.

25-CV-00603-GPC-GC, 2026 WL 2521849, at *5 (S.D. Cal. Aug. 26, 2026) (granting a stay pending *Variety Media*); *Haviland v. Rokt US Corp.*, No. 26-cv-00582-DJC-AC, 2026 WL 2279746, at *2 (E.D. Cal. Aug. 7, 2026) (granting a stay); *cf. Spears v. The Campbell's Company*, 2026 WL 2654729, at *16 (N.D. Cal. Sept. 8, 2026) (denying a stay because *Variety Media* affects only one claim). The Court therefore exercises its discretion to grant a stay pending the California Court of Appeal's decision in *Variety Media*.

The Court finds a stay pending the decision in *CoStar* would be inappropriate. Considering each of the required factors, the Court finds the danger of an indefinite stay outweighs the interests of judicial economy. *Dependable Highway Exp., Inc.*, 498 F.3d at 1066–67. Rulings on stays pending *CoStar* are less numerous and less consistent. *Compare Anderson v. Nat'l Collegiate Athletic Ass'n*, No. 25-cv-11576-MWC-MBK, 2026 WL 2078178, at *2–3 (C.D. Cal. May 18, 2026) (denying a stay) *with D'Antonio v. Cable News Network, Inc.*, No. 24 CV 3132 (VM), 2026 WL 1815527, at *3 (June 24, 2026) (granting a stay). The Court finds any prejudice Defendant would face is outweighed by other interests detailed above.

## CONCLUSION

Based on the foregoing, the Court **GRANTS** Defendants Request for Judicial Notice (ECF No. 31-1), and **GRANTS IN PART AND DENIES IN PART** Defendants' Motion to Stay (ECF No. 31). The Court **STAYS** this matter pending the California Court of Appeal's decision in *Variety Media*.

The Parties **SHALL FILE** a Joint Status Brief, not to exceed ten (10) pages, <u>no more than fourteen (14) days</u> after the California Court of Appeal renders a decision. The joint status report **SHALL INCLUDE** specific proposals as to how the Parties wish to proceed with the case at bar in light of the Court of Appeal's decision.

**IT IS SO ORDERED**.

Dated: September 14, 2026

Janis L. Sammartino

Hon. Janis L. Sammartino
United States District Judge